# Leonard *v.* Herrmann.

*Negligence—Master and servant—Safe machinery.*

The legal test of reasonable safety in machinery or methods is ordinary use, and a jury cannot be permitted to set up any other. Employers are not insurers. They are liable for the consequences, not of danger, but of negligence, and the unbending test of negligence in methods, machinery and appliances is the ordinary usage of the business. No man is held by law to a higher degree of skill than the fair average of his profession or trade, and the standard of due care is the conduct of the average prudent man. The test of negligence in employers is the same, and however strongly they may be convinced that there is a better or less dangerous way, no jury can be permitted to say that the usual and ordinary way, commonly adopted by those in the same business is a negligent way for which liability shall be imposed.

*Negligence—Usual appliances—Elevator.*

In an action by the operator of an elevator against his employer to recover damages for personal injuries which occurred in the operation of the elevator, there is no error in withdrawing the case from the jury, where the evidence showed that the elevator was not out of repair, that it was the kind in ordinary use, and that the plaintiff had operated it for at least one year. The fact that a week before the accident plaintiff had told the defendant's superintendent that there should be guards at the sides of the elevator, and that the superintendent had promised to provide them, is immaterial, unless it appeared that there was in fact a defect, which it was the employer's duty to remedy. This not appearing, no promise made by the superintendent could give rise to a duty not recognized by law.

Argued Feb. 14, 1900. Appeal, No. 441, Jan. T., 1900, by plaintiff, from judgment of C. P. Lebanon Co., March T., 1898, No. 172, on verdict for defendant in suit of Claudius Leonard *v.* Adolph Herrmann, trading as Herrmann, Aukman & Co. Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for personal injuries. Before EHRGOOD, P. J.

At the trial it appeared that plaintiff was employed by defendant in operating a freight elevator. On August 13, 1897, plaintiff was injured while operating the elevator. He claimed that the accident was due to the failure of defendant to provide a guard rail on the elevator. He testified as to a conversation which he had with defendant's superintendent as follows:

" Previous, a week or probably eight or ten days before, me and Mr. Reizenstein was conveying goods downstairs in a box truck with four wheels and I steadied the box and it came near shoving me off. I told him, says I, ' Mr. Reizenstein, this is dangerous, you ought to have a guard around here.' He says, ' I know it ain't safe, I will have it fixed,' he says, ' you just go on.' "

The overwhelming evidence was that the elevator was of the kind in ordinary use.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were in giving binding instructions for defendant.

*Thomas H. Capp* and *J. Marshall Funck*, for appellant, cited Patterson v. Dushane, 115 Pa. 334; Howard Express Co. v. Wile, 64 Pa. 201; Bank v. Wirebach, 106 Pa. 37; School Furniture Co. v. Warsaw School District, 122 Pa. 494; Lerch v. Bard, 153 Pa. 573; Patterson v. Pittsburg, etc., R. R. Co., 76 Pa. 389; Brownfield v. Hughes, 128 Pa. 194; Wagner v. Jayne Chemical Co., 147 Pa. 475.

*Howard C. Shirk*, for appellee, cited Kehler v. Schwenk, 144 Pa. 357; Dooner v. Del. & Hud. Canal Co., 171 Pa. 581; Brossman v. Lehigh V. R. R. Co., 113 Pa. 490; Bellows v. Pa. & N. Y. Canal & R. R. Co., 157 Pa. 51; Boyd v. Harris, 176 Pa. 484; Fulford v. L. V. R. R. Co., 185 Pa. 329; Patterson v. Pittsburg, etc., R. R. Co., 76 Pa. 389; Brownfield v. Hughes, 128 Pa. 194; Wagner v. Jayne Chemical Co., 147 Pa. 475; Kehler v. Schwenk, 151 Pa. 505; Titus v. Bradford, etc., Ry. Co., 136 Pa. 618.

OPINION BY MR. JUSTICE FELL, March 26, 1900 :

An employer is under an obligation to his employee to furnish reasonably safe machinery and appliances, but it is not in every case for a jury to determine the standard of safety. If it were there would be no means by which an employer could protect himself, as his judgment founded on his experience or the advice of those best able to advise him would be subject to review by others often utterly incompetent to form

any intelligent opinion of the matter.   The legal test of reasonable safety in machinery or methods is ordinary use, and a jury cannot be permitted to set up any other.   The rule and the reasons on which it is founded are clearly stated by our Brother MITCHELL in Titus v. R. R. Co., 136 Pa. 618, as follows: " Absolute safety is unattainable, and employers are not insurers. They are liable for the consequences, not of danger, but of negligence; and the unbending test of negligence in methods, machiney and appliances is the ordinary usage of the business. No man is held by law to a higher degree of skill than the fair average of his profession or trade, and the standard of due care is the conduct of the average prudent man.   The test of negligence in employers is the same, and however strongly they may be convinced that there is a better or less dangerous way no jury can be permitted to say that the usual and ordinary way, commonly adopted by those in the same business, is a negligent way for which liability shall be imposed."

The plaintiff was familiar with the elevator in the use of which he was injured.   He had been employed at the defendant's works for a number of years, and he had operated the elevator for at least one year.   There was not the slightest evidence that the elevator was out of repair, and the overwhelming evidence was that it was of a kind in ordinary use. There was no room for doubt on these subjects, and there was nothing which would have warranted a contrary finding by the jury.   The plaintiff's main reliance was upon his testimony that a week before the accident he had told the superintendent that there should be guards at the sides of the elevators, and that the superintendent had promised to provide them.   But this testimony could not help the plaintiff's case unless it appeared that there was in fact a defect which it was the duty of the employer to remedy.   This did not appear, and no promise made by the defendant's superintendent could give rise to a duty not recognized by law.

The instruction by the learned judge was clearly right, and the judgment is affirmed.