MOSES v. REO MOTOR CAR CO.

1. MASTER AND SERVANT—LIGHTING PREMISES—WATCHMAN—NEG-LIGENCE.

No duty rests on an employer to light steps leading to an alley between factory buildings, down which the night watchmen of the factory were required to pass, in going from one building to another.

2. SAME—PROMISE TO REMEDY DEFECTS.

Where no duty to furnish lights is imposed, the employer is not liable for failure to provide them, notwithstanding the promise of one in authority to place lights in a dark alley at the request or instance of the injured employé.

Error to Ingham; Wiest, J. Submitted April 6, 1911. (Docket No. 22.) Decided May 8, 1911.

Case by Charles Moses against the Reo Motor Car

Company for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered.

*Bundy, Travis & Merrick* (*Tuttle, McArthur & Dunnebacke*, of counsel), for appellant.

*Black & Hayden* and *S. B. Roe* (*De Vere Hall*, of counsel), for appellee.

HOOKER, J. The defendant is a manufacturing corporation. Its factory buildings are separated by an alley 27 feet wide; double doors opening from the two buildings into the alley opposite each other, one at grade, and the other at an elevation of three steps above the alley. The plaintiff is one of three watchmen. It is their duty to patrol the premises nights and guard the same. He has had general charge of the several watchmen, and general charge of the plant during the night, maintaining a general watch over it and superintending the watchmen in the performance of their duties, "which were to watch for fire, burglars, or anything that might happen." He has been thoroughly familiar with the alley, steps, and premises, generally, for years. On the occasion of the accident upon which this action rests, he fell down the steps, or out of the door, and his arm was broken, and he has recovered a judgment for $3,175, from which the defendant has appealed.

Negligence. The undisputed evidence shows that the plaintiff approached the door from the inside of the storeroom. Admittedly he saw the doors and knew all about the steps and surroundings. He testified that the steps were not out of repair, and that the reason that he fell was that he made a misstep. He explained this by saying that when he reached the door (which he could see), he stepped out over the first step down, thinking he was stepping on the threshold, and fell, which he thought he would not have done, had there been a light in the alley.

We agree that it was not negligence on the part of de-

fendant to leave this alley unlighted. These three steps consisted of a box or step made for the purpose, which constituted the first step up. The second step consisted of the brick wall, finished with concrete between the door jambs, while the third was the floor of the stockroom; there being no threshold upon it. These steps were not materially different from steps used at the entrances of dwellings, and they are in most common use. There is no duty to light those or these for the use of servants, who, being familiar with the premises, take the chances of falling. If it is dark, the need of care in using them is greater. The defendant may have had cogent reasons for omitting to light the premises.

Promise to Light. Counsel for plaintiff allege that a promise was made to the plaintiff that an electric light should be put up between the doors in the alley, and the plaintiff testified that he made such a request to the assistant superintendent some days before the accident, and that he said that "he would see about it," or "that he would have it done." It was not done, and a few days later plaintiff fell, as stated.

The plaintiff relies on negligence in omitting to provide a light. We have held that it was not negligent to keep the place dark, and even if such a promise was made, the place was a reasonably safe one within that rule; no less safe by reason of the promise. As to the promise, it is denied by the assistant superintendent; but, were it not denied, if, upon reflection, the manager had thought best not to have a light there when the subject was brought to his attention, his failure to authorize the light would not make defendant liable for the omission, for the steps were already a safe place, upon the principle that:

" Before the master can be held liable, as for failure to perform a promise to remove a specific danger, it is clearly necessary to show that the existing conditions were of such a nature that their maintenance implied culpability." 1 Labatt on Master and Servant, p. 1194.

It was not culpable in defendant to ask its watchmen to go down these steps in the dark.

In *Leonard* v. *Herrmann*, 195 Pa. 222 (45 Atl. 723), it was held:

"In an action by the operator of an elevator against his employer to recover damages for personal injuries which occurred in the operation of the elevator, there is no error in withdrawing the case from the jury, where the evidence showed that the elevator was not out of repair, that it was the kind in ordinary use, and that the plaintiff had operated it for at least one year. The fact that a week before the accident plaintiff had told the defendant's superintendent that there should be guards at the sides of the elevator, and that the superintendent had promised to provide them, is immaterial, unless it appeared that there was in fact a defect, which it was the employer's duty to remedy. This not appearing, no promise made by the superintendent could give rise to a duty not recognized by law."

The court said:

"The plaintiff's main reliance was upon his testimony that a week before the accident he had told the superintendent that there should be guards at the sides of the elevators, and that the superintendent had promised to provide them. But this testimony could not help the plaintiff's case, unless it appeared that there was in fact a defect, which it was the duty of the employer to remedy. This did not appear, and no promise made by the defendant's superintendent could give rise to a duty not recognized by law."

The same rule was applied in *Higgins* v. *T. J. Fanning & Co.*, 195 Pa. 599 (46 Atl. 102). The court held that:

"In the absence of proof of defects which added to the danger of the operation of a machine, a promise by the employer to fix it imposes no liability upon him."

In *Nealand* v. *Railroad Co.*, 173 Mass. 42 (53 N. E. 137), a workman set his ladder up against a boiler in the boiler room of a factory, resting it upon a brick floor that was uneven. It was held that:

" If, while the plaintiff was working there, the defendant's engineer in charge of the boilers led him to believe that a new floor would be put in, as the plaintiff contends, this does not affect the defendant's liability. So far as appears, the engineer was not authorized to speak for the defendant, and if he had been, his offers under the circumstances testified to would have been without consideration or binding force."

Furthermore, an implication that the plaintiff remained by reason of the promise, or that the assistant superintendent had any reason to understand that his remaining in his employment depended upon it, is not to be found in the record, nor is a reasonable inference of such deducible therefrom.

We think a discussion regarding the authority of the assistant to bind the master by a promise, and other questions raised in the case, is unnecessary.

The judgment is reversed, and no new trial ordered.

OSTRANDER, C. J., and BIRD, MOORE, and McALVAY, JJ., concurred.