## Payne *versus* Reese.

1. An employer is not bound to furnish for his workmen the safest machinery, nor to provide the best methods for its operation in order to save himself from responsibility for accidents resulting from its use. If the machinery be of an ordinary character and such as can, with reasonable care, be used without danger to the employee, it is all that can be required from the employer.

2. The owners of a certain colliery conducted the blow pipe from their boiler some distance underneath a narrow track, terminating in a wooden box open at one end and buried under the track at a point about twenty inches below the surface. The constant action of the steam loosened the soil and caused a hole or excavation above the box.

The track in question was the ordinary path of the miners in the employ of the colliery, in going to and returning from their work, but none of them knew of the existence of the blow pipe. In an action by a miner in the above case, against the owners of the colliery for injuries sustained by him by falling into the hole in question, *Held*, that the question of defendant's negligence was for the jury, and that it was error on the part of the court to assume it.

3. In the above case it appeared that the plaintiff at the time of the accident was walking along the track with other miners. Several of these, perceiving steam escaping from a point in the track above the box, stepped aside to escape injury. Plaintiff, however, kept on the track, fell into the hole, and was injured. Defendants requested the court to charge that if steam was issuing from the ground at the place where plaintiff was injured, and he saw it and went into it, he was, as matter of law, guilty of such contributory negligence as precluded recovery. The court declined so to charge. *Held*, that this was error, and that the point should have been affirmed.

April 13th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, and STERRETT, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Luzerne county :* Of January Term 1882, No. 180.

Case, by William H. Reese against W. G. Payne and William H. Meeker, partners as W. G. Payne & Co., to recover damages for personal injuries caused, as alleged, by the negligence of the defendants. Plea, not guilty.

On the trial, before WOODWARD, J., the following facts appeared :—The plaintiff was a coal miner in the employ of the defendants. On the 19th of April 1879, between 9 and 10 o'clock A. M. work in the mines was suspended, and the plaintiff with a number of other miners were hoisted up the shaft. On arriving at the surface, the plaintiff started to go to the repair shop, and while passing along a narrow pathway, between two parallel railroad tracks, on both of which cars were standing, his feet and legs sank into a hole about two and a half feet deep, containing hot water and steam, whereby he was severely scalded. This pathway was the customary way from the mouth of the shaft to repair shop, prop-yard, &c.

The evidence showed that the blow-off pipe from the boilers ran underground a distance of about 28 feet, and terminated in a wooden box open at one end, buried about 20 inches directly underneath a point about midway of the said pathway. This arrangement for blowing off the boilers had been in use for a year, and until the occasion in question the hot water and steam blown out from the boilers had percolated and become dissipated through the soil, which was composed of ashes, culm and coal dirt. On the day of the accident the engineer started to blow off the boilers as soon as the miners reached the surface. Several of the men who came up the shaft with the

[Payne *v.* Reese.]

plaintiff testified, on behalf of the defendants, that they saw steam issuing in a cloud from the pathway between the tracks, and, fearing danger, found other means of access towards the repair shop, one going outside the tracks through a narrow opening between the cars and the breaker, and another passing through the boiler room. None of the men knew the cause of the unusual appearance of steam, being ignorant of the underground arrangement for blowing off. It appeared that the steam issuing from the open box had undermined the pathway and caused the hole into which the plaintiff walked.

The plaintiff testified that there was no room to go round the cars, owing to the breaker on one side and the boiler house on the other, and that it was against the rules for any one to pass through the boiler house. He further testified that he saw no hole in the pathway and thought there was no danger there. He did not say that he saw no steam.

The plaintiff presented, inter alia, the following points :

2. "If the defendant's negligence in constructing and continuing a faulty, insecure and dangerous blow-out pipe concurred with the act of the engineer in blowing out the boilers (without the plaintiff's fault) to produce the injury to plaintiff, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances were closely connected with the injury in order of events, the defendants are responsible, even though their negligent act was not the the nearest cause in the order of time." Answer : " We affirm that point." (3d assignment of error.)

3. "It is only the contributory fault of the plaintiff or of some one whose fault is imputable to him, that can excuse the defendants. To defeat him he must have been guilty of ordinary negligence in causing the injury."

Answer. " The use of the word ' ordinary ' in connection with negligence is new to me, but if it is negligence that is meant, we affirm the point. The point is affirmed." (4th assignment of error.)

4. " If the jury believe that the blow-off pipe and the laying and constructing it under the circumstances were negligent and dangerous, and that the materials and the work of laying and covering the pipe was done under the direct supervision of Mr. Payne, one of the defendants, and that Reese did not know that the pipe was under the path, and that defendant omitted to inform or warn him of danger, they are liable."

Answer. " We say that this point is well taken, provided his own negligence did not concur in producing the accident and the injury. With that qualification, the point is affirmed."

The defendant presented, inter alia, the following points :

2. " That if the jury believe from the evidence that steam

[Payne *v.* Reese.] '

was issuing from the ground at the place where Reese was scalded, and that he saw it and went into it, he was, as matter of law, guilty of negligence which contributed to the accident and he cannot recover."

Answer. " We say to you that we cannot affirm that point in its method of statement. It might be true if the accident were caused by the steam, but we cannot say as matter of law that it was negligence under the circumstances of the case, that being a question of fact for the jury. The point is disaffirmed."

6. " That from all the evidence in the case the only alleged material defect in the blow-off pipe was its ending under ground over which workmen walked ; that such location of said pipe was made by a fellow servant of Reese, who is not shown to have been unskillful, to wit, the engineer, and if wrong there was nothing more than an error of judgment on the part of such fellow servant, for which the defendants are not responsible, and therefore the plaintiff cannot recover."

Answer. " We have already explained to you something of the doctrine in regard to fellow workmen. We have said that an employer is bound to furnish good machinery, and then that the workmen are bound to take all the risks. There is some evidence in this case that the plan for disposing of the steam from the boilers was unusual and hazardous. This raises a question of fact to be passed upon by the jury.

" To affirm these points would be to assume a fact. We therefore are obliged to disaffirm the fifth and sixth points."

8. " That under all of the testimony the verdict should be for the defendants."

Answer. " That point we cannot affirm."

The court, in the general charge, instructed the jury, inter alia, as follows :

" The employer of a man is not his insurer. He is bound to provide the best methods and the safest machinery, and having done so, if an employee meet with accident and injury it is one of those injuries for which the law affords no remedy as against the employer." (First assignment of error.)

Verdict for the plaintiff, for $875, and judgment thereon. The defendant took this writ of error, assigning for error the portion of the charge above quoted, and the answers to plaintiff's and defendants' points as above.

*Palmer, De Witt & Fuller*, for the plaintiffs in error.— The instruction that an employer is bound to furnish the " best methods and the safest machinery " was erroneous. The true rule is that " When the employer furnishes his men with tools

[Payne v. Reese.]

and appliances which though not the best possible, may by ordinary care be used without danger, he has discharged his duty and is not responsible for accidents:" Railroad Co. v. Sentmeyer, 11 Norr. 276; Philadelphia & Reading R. R. Co. v. Scherte, 10 W. N. C. 125.

The facts as proved showed clearly contributory negligence per se, by the plaintiff below, and the court should have withdrawn the case from the jury, or have directed a verdict in our favor, as requested in our eighth point: Hoag v. Railroad Co., 4 Norris 293; King v. Thompson, 6 Norris 369; Honor v. Albrighton, 12 Norris 475; Railroad Co. v. Sentmeyer, 11 Norris 276; Hagan v. Railroad Co., 10 W. N. C. 360; Railroad Co. v. Aspell, 11 Harris 147; Boys v. Railroad Co., 2 W. N. C. 198; Railroad Co. v. Bock, 9 W. N. C. 281; Railway Co. v. Bresmer, 10 W. N. C. 379; Railroad Co. v. Zebe, 9 Casey 318; Railroad Co. v. McClurg, 6 P. F. S. 294; Nagle v. Railroad Co., 6 W. N. C. 510; Mulherrin v. D. L. & W. R. R. Co., 31 P. F. S. 366; Railroad Co. v. Beale, 23 P. F. S. 504; Waters v. Wing, 9 P. F. S. 211.

*John Lynch, D. M. Jones* and *Edward A. Lynch*, for the defendant in error.—The portion of the charge assigned for error when read in connection with the whole charge was not calculated to mislead the jury, and is not ground for reversal: Penna. R. R. Co. v. Werner, 8 Norris 66; Relf v. Rapp, 3 W. & S. 27. The question of contributory negligence was one for the jury, and was submitted under proper instructions. The natural instincts which lead men in their sober senses to avoid injury and preserve life, is an element of evidence, and in all questions touching the conduct of men, their motives, feeling, and natural instincts, are allowed weight and to constitute evidence for the consideration of courts and juries: Allen v. Willard, 7 P. F. S. 374.

When the employer is cognizant of a latent risk of which the employee has no knowledge or obvious means of knowledge, the employer is liable to the employee for hurt received by the latter through such risks and this follows even in cases where the servant knew the machinery to be defective, if the particular injury does not arise from the known defect: Wharton on Negligence, § 208; Patterson v. The Pittsburg & Connelsville R. R. Co., 1 W. N. C. 569; Oakland R. R. Co. v. Fielding, 48 Penna. St. R. 320. O'Donnell v. Allegheny V. R. R. Co., 59 Penna. St. 239.

Mr. Justice Gordon delivered the opinion of the court, May 1st 1882.

That that part of the charge of the court below which is

4 Outerbridge—20

[Payne *v.* Reese.]

embraced in the first assignment of error announces a legal proposition that cannot be sustained, in a case like the present, is now so well settled that a discussion of it is unnecessary.   An employer is not bound to furnish for his workmen the " safest " machinery, nor to provide the " best methods " for its operation, in order to save himself from responsibility for accidents resulting from its use.   If the machinery be of an ordinary character, and such as can, with reasonable care, be used without danger to the employee, it is all that can be required from the employer; this is the limit of his responsibility, and the sum total of his duty :  Railroad Co. *v.* Sentmeyer, 11 Nor. 276.   We suppose this part of the learned judge's charge to have been a mere matter of inadvertence, for elsewhere in that charge his instruction on this branch of the law is unexceptionable.   Nor do we exactly see how, under the facts of this case, it could have done the defendants any serious harm.   The method of using the blow-off pipe of their boilers was certainly not a strong point of their case.   This pipe, used for the blowing off of some six or more boilers, terminated in a wooden box some twenty inches or two feet in the ground, and directly under the path over which the hands from the colliery were constantly passing and repassing to and from the repair shop and prop-yard.   That the action of the water and steam, thus confined, must necessarily hollow out and cave in the loose material around and above it was something that did not require the learning of an expert to foresee and predict, and we think it would take a good deal of evidence and a very ingenious argument to convince a jury of average intelligence that such an arrangement was one of even ordinary safety.   Were there, therefore, no other error in the case of a more material character, we would hesitate before reversing on account of the one above stated ; nevertheless, as the case goes back, it is proper that attention should be called to it in order that it may not be repeated.

The third, fourth and fifth assignments must also be sustained, for the reason that the points therein complained of as affirmed by the court, all assume negligence on part of the defendants.   The court should not have approved of an assumption of this kind, for the question of negligence, however obvious, was for the jury and not for the court.   But the material error of this case is found in the refusal of the court to affirm, without qualification, the defendant's second point.   If, indeed, as seems to be the fact from the evidence, steam was issuing from the ground at the place where the plaintiff was scalded, and, with his eyes open, he *walked into it*, he was certainly negligent as to his own safety, and ought not to have recovered.   How, indeed, could a person be otherwise than care-

[Slutter v. Kirkendall.]

less, who would deliberately walk into a cloud of steam, and that, too, when such a circumstance, at that place, had never before been observed?

If he was a man of ordinary sense, he must have known that something was wrong, and that there might be danger, though he could not discern the particular character of that danger. That he did thus imperil the safety of his own person, is very clearly established by the testimony of the defence, and this fact seems also to be confirmed by the circumstances of the case; nevertheless, the question is one for the jury, and to that body, under proper instructions, it must be submitted.

As there was nothing in this case to raise the question of inevitable accident, the plaintiff's first point was so utterly irrelevant, that its affirmance did the defendant no harm, but both point and answer had better be omitted on the next trial. The seventh and eighth points of the defendant were well answered.

The judgment is reversed, and a new venire is awarded.