Sarah Keenan, Appellant, *v.* G. Waters and G. Jason Waters, trading as G. Waters & Son.

*Negligence—Master and servant—Machinery and appliances.*

An employer is not bound to provide the safest machinery or the newest or most approved appliances. If the machinery be of an ordinary character, and such as can with reasonable care be used without danger to the employee, it is all that can be required of the employer.

In an action to recover damages for personal injuries it appeared that plaintiff was employed in a laundry, and while engaged in operating a machine used for drying and ironing clothes, her hand was caught between the rollers and injured. It was alleged that plaintiff's employers were negligent in not providing a guard rail. The testimony showed that the machine was in perfect working condition; that it was of a kind that was in general use; that guard rails were not used on such machines, and that the machine in question could not be operated with a guard rail attached. *Held,* that it was proper to give binding instructions for defendants.

*Negligence—Master and servant—Instruction of servant—Risk of employment.*

In an action to recover damages for personal injuries received by plaintiff while working at a machine in a laundry, it appeared that the plaintiff was a woman twenty-four years old, and had been employed in a laundry two years, and had worked for several weeks at a machine similar to the one at which she was injured. At the time of her employment she told the defendants what knowledge and experience she had. The engineer in charge of the machine questioned her before starting it to see whether she was familiar with the use of this kind of machine, and stood by and

watched her operate it until he was satisfied that her statement as to her knowledge and experience was correct, and that she was a skilled laundress. *Held*, that the defendants could not be charged with negligence in failing to give instructions to the plaintiff as to the use of the machine.

Argued April 2, 1897. Appeal, No. 480, Jan. T., 1896, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1894, No. 252, on verdict for defendants. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for personal injuries. Before WILLSON, J.

At the trial it appeared that plaintiff claimed to recover $10,000 for personal injuries sustained by her on February 21, 1894, while in the employ of the defendants as a laundress in their steam laundry at the Windsor Hotel, Atlantic City, New Jersey. The facts of the case appear by the opinion of the Supreme Court.

The court gave binding instructions in favor of the defendants.

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was above instruction.

*C. Percy Willcox* and *Joseph Hill Brinton*, for appellant.— The defendants did not provide and maintain reasonably safe and modern machinery, so that the plaintiff might perform her duties with relative safety, and without exposure to dangers not necessarily incident to her employment: Bannon v. Lutz, 158 Pa. 166; Titus v. R. R. 136 Pa. 618; Rummell v. Dilworth, 111 Pa. 343; Bier v. Standard Mfg. Co., 130 Pa. 446; Mullan v. Steamship Co., 78 Pa. 25; R. R. v. Agnew, 11 W. N. C. 394; R. R. v. Keenan, 103 Pa. 124; Tissue v. R. R., 112 Pa. 91.

The learned trial judge was not justified in taking the case from the jury: R. R. v. Hines, 132 Ill. 161; McDonald v. R. R., 41 Minn. 439; Augerstein v. Jones, 139 Pa. 183; Baker v. R. R., 95 Pa. 211.

*Harold Goodwin* and *Henry C. Terry*, for appellees.—The court below was right in directing the jury to find a verdict for the defendants, as the plaintiff had failed to show any negli-

gence on the part of appellees: Titus v. R. R., 136 Pa. 618; Kehler v. Schwenk, 144 Pa. 348; Northern Cent. Ry. v. Husson, 101 Pa. 1; Ship Building Works v. Nuttall, 119 Pa. 149; Ford v. Anderson, 139 Pa. 261; Schwenk v. Kehler, 122 Pa. 67.

Plaintiff assumed the risk of her employment: Patterson v. R. R., 76 Pa. 393 ; Nagle v. R. R., 88 Pa. 35; Ry. v. Bresmer, 97 Pa. 106 ; Sykes v. Packer, 99 Pa. 465; Payne v. Reese, 100 Pa. 301; Mfg. Co. v. McCormick, 118 Pa. 519; R. R. v. Lyons, 119 Pa. 324; Coal Co. v. Hayes, 128 Pa. 307; Zurn v. Tetlow, 134 Pa. 215; Ford v. Anderson, 139 Pa. 261; Augerstein v. Jones et al., 139 Pa. 183; Diehl v. Iron Co., 140 Pa. 487; Westerberg v. R. R. Co., 142 Pa. 471 ; McMellen v. Union News Co., 144 Pa. 332; Reese v. Clark, 146 Pa. 465.

OPINION BY MR. JUSTICE FELL, May 17, 1897 :

This case belongs to an increasing class in which the attempt is practically to hold employers liable as insurers of the safety of their employees. The plaintiff was employed to work in a laundry connected with a hotel, and while engaged in operating a machine used for drying and ironing clothes, her hand was caught between the rollers and injured. The general grounds of negligence alleged were the failure to provide a reasonably safe machine, and the failure to inform the plaintiff of the danger incident to the operation of the machine by which she was injured. It is claimed that the machine was defective and dangerous because of the absence of a guard rail to prevent the hands of the operator from getting between the rollers. It appeared from the testimony that the machine was in perfect working condition and was of a kind that was in general use ; that guard rails were not used on machines constructed as this was; and that such machines could not be operated with guard rails attached. Proof that other ironing machines differently constructed and furnished with guard rails were in use, and that their operation might be attended with less risk of accident, imposed no liability on the defendants. It was not shown that the machine in question was not in general use, nor that guard rails had been or could be used on such a machine, nor that any safer machine was in general use.

In order to save himself from liability for accidents to his employees an employer is not bound to provide the safest ma-

chinery or the newest or most approved appliances. "If the machinery be of an ordinary character, and such as can with reasonable care be used without danger to the employee, it is all that can be required of the employer; this is the limit of his responsibility and the sum total of his duty:" Payne v. Reese, 100 Pa. 301. Generally machinery in operation is dangerous, and the test of the liability of the employer is not whether the employee has been exposed to danger, but whether he has been so exposed through neglect to provide reasonably safe machinery, and the test of reasonable safety is ordinary use: Ford v. Anderson, 139 Pa. 261; Kehler v. Schwenk, 144 Pa. 348. In Titus v. R. R. Co., 136 Pa. 618, it was said by our brother MITCHELL: "All the cases agree that the master is not bound to use the newest and best appliances. He performed his duty when he furnished those of ordinary character and reasonable safety, and the former is the test of the latter; for in regard to the style of the implement or nature of the mode of performance of any work, 'reasonable care' means according to the usages, habits and ordinary risks of the business."

If any duty rested on the defendants to instruct the plaintiff in the use of the machine it was fully discharged. She was not of immature age or without experience in the use of laundry machinery. She was twenty-four years old, and had been employed in a laundry for two years, and had worked for several weeks at an ironing machine. At the time of her employment she told the defendants what knowledge and experience she had, and they might well have assumed that she needed no instruction. The engineer in charge of the machine before starting it questioned her to see whether she was familiar with the use of this machine, and stood by and watched her operate it until he was satisfied that her statement as to her knowledge and experience was correct, and that she was a skilled laundress. More than this could not be required. There was an entire failure to establish any ground of negligence on which a recovery could be sustained, and the direction to the jury to find for the defendants was properly given.

The judgment is affirmed.