Cool, Appellant, *v.* Curtis-Wright, Inc.

Argued March 24, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*John E. Evans, Jr.,* with him *Norman S. Faulk,* and *Evans, Ivory & Evans,* for appellant.

*Robert L. Orr,* with him *Leonard L. Ewing* and *Reed, Ewing & Ray,* for appellee.

*Ernest G. Nassar, Ralph F. Smith* and *Charles F. McKenna,* for Congress of Industrial Organizations, amicus curiae.

OPINION BY MR. JUSTICE PATTERSON, May 26, 1949:

William R. Cool, appellant, instituted this action in trespass against Curtis-Wright, Inc., appellee, to recover damages for an alleged impairment of hearing. Preliminary objections in the nature of a demurrer were sustained by the court below, after argument, and judgment was entered in favor of appellee. This appeal followed.

The amended complaint averred that appellant suffers a "nerve deafness" as a result of exposure to noises while employed as a laborer in airplane propeller factories of appellee at Beaver, Pennsylvania, and Neville Island, Pennsylvania, from May 29, 1940, to August 14, 1945. The negligence alleged is failure of appellee to reduce and minimize metallic noises incident to its business of manufacturing airplane propellers. Specifically, it was averred that appellee was negligent in failing to provide sound-absorbing walls or ceilings or floors; in failing to provide ear protectors; in failing to warn appellant that the noises were detrimental and in informing him that continued exposure would not produce impairment of hearing; in overcrowding the rooms in which appellant worked with machinery and men producing noises; in locating men and machinery too close to appellant's place of work; and in failing to provide partitions between the men and machines engaged in noise-making activities.

The court below held that the complaint failed to state a cause of action for the following reasons: (1) the complaint shows on its face that even if appellant proved all of the so-called allegations of negligence he would not be entitled to recover; (2) the complaint shows on its face that appellant can not make out a case clear of contributory negligence; and (3) the complaint shows on its face that appellant can not make out a case clear of assumption of risk. Appellant contends that this was error—that appellee's failure to reduce and minimize the noise, as averred, amounted to a violation of its duty to provide him with a safe place to work imposed by sections 2 (a) and 2 (b) of the Act of May 18, 1937, P. L. 654, 43 PS 25-2, and that the defenses of contributory negligence and assumption of risk are not available in view of Article II, section 201 of the Workmen's Compensation Act of 1915, P. L. 736, as

amended (reënacted by the Act of June 21, 1939, P. L. 520), 77 PS 41.

Since appellant's impairment of hearing does not come within the statutory definition of occupational disease and since it is neither total nor the result of an accident, it is admittedly not compensable under the provisions of either the Workmen's Compensation Act of 1915, as amended, 77 PS 513, or The Occupational Disease Act of 1939, P. L. 566, 77 PS 1201 et seq.[1] The basic question is whether failure to reduce to a minimum the noises incident to the business of an industrial establishment or factory constitutes a violation of a duty imposed by section 2 (a) of the Act of 1937, supra, which provides that "All establishments shall be so constructed, equipped, arranged, operated, and conducted as to provide reasonable and adequate protection for the life, limb, health, safety, and morals of all persons employed therein," or of section 2 (b), which provides that "All belts, pulleys, gears, chains, sprockets, shafting, and other mechanical power transmission apparatus, stationary engines, electrical equipment, and apparatus shall be properly guarded to protect workers from injury."

Section 2 (a) of the Act of 1937 is merely declaratory of the common law duty to furnish a reasonably safe place to work. The rule and the reasons on which it is based were well stated by Justice (later Chief Justice) MITCHELL in the case of *Titus v. Railroad Company*, 136 Pa. 618, 626, 20 A. 517, as follows: "Absolute safety is unattainable, and employers are not insurers. They are liable for the consequences, not of danger but of negligence; and the unbending test of negligence in methods, machinery and appliances is the ordinary usage of the business. No man is held by law to a higher

---

[1] Section 306 (c) of the Workmen's Compensation Act was amended to provide for compensation for total loss of hearing in one or both ears by the Act of June 4, 1937, P. L. 1552.

degree of skill than the fair average of his profession or trade, and the standard of due care is the conduct of the average prudent man. The test of negligence in employers is the same, and however strongly they may be convinced that there is a better or less dangerous way, no jury can be permitted to say that the usual and ordinary way, commonly adopted by those in the same business, is a negligent way for which liability shall be imposed." See also *Reeder v. Lehigh Valley Coal Company*, 231 Pa. 563, 570, 80 A. 1121; *Pauza v. Lehigh Valley Coal Company*, 231 Pa. 577, 580, 80 A. 1126; *Prattico v. Hudson Coal Company*, 347 Pa. 490, 493-494, 32 A. 2d 733. Here it is not averred that any of the specific acts of alleged negligence constitutes a departure from ordinary usage in the business in which appellee was engaged. No case has been cited by appellant arising either in this jurisdiction or elsewhere as authority for extending the range of the common law doctrine to include a duty to minimize noise, and an independent exhaustive research has disclosed no such case. This absence of precedent is significant in determining the scope of the common law rule and confirms the conclusion that the common law standard can not with propriety be so extended. To hold otherwise would amount to judicial legislation out of harmony with the practical considerations that always heretofore have been held to govern in this class of cases. Nor may such duty be held to arise by implication from the language of section 2(b) of the Act of 1937, the sole and obvious purpose of which is to provide protection against injury as a result of physical contact with unguarded, dangerous machinery and equipment of the types enumerated. Statutory duties do not arise by implication but must be imposed by express legislative authority, and when the legislature takes a step in advance of the common law and imposes additional burdens upon an employer in order to meet the necessities of modern industrial

growth, the new duties thus imposed must be so clearly set forth as to leave no doubt as to the legislative intention: *Reeder v. Lehigh Valley Coal Company,* supra, 569; *Prattico v. Hudson Coal Company,* supra, 492.

The decisions in *Price v. New Castle Refractories Company,* 332 Pa. 507, 3 A. 2d 418 and *Rebel v. Standard Manufacturing Company,* 340 Pa. 313, 16 A. 2d 534, relied upon by appellant, are not in point. Each of these cases involved a clear violation of the statutory duty specifically imposed upon employers by section 11 of the Factory Act of May 2, 1905, P. L. 352, repealed by the Act of May 18, 1937, supra, to provide exhaust fans of sufficient power, or other sufficient devices, for the purpose of carrying off poisonous gases and fumes and dust from machinery creating dust, with resultant total disability in the one case and death in the other.

Since no breach of duty has been sufficiently averred, we need not consider appellant's contention that the defenses of contributory negligence and assumption of risk are not available by reason of the provisions of Article II, section 201,[2] of the Workmen's Compensation Act, supra. There may have been some basis for such contention prior to amendment of Article III, section 301, of the Act by the Act of June 21, 1939, P. L. 520, section 1. Section 301, as amended by the Act of 1937, P. L. 1552, provided that "The terms 'injury' and 'personal injury', as used in this act, *except as used in article*

---

[2] Article II, section 201, provides: "in any action brought to recover damages for personal injury to an employe in the course of his employment, or for death resulting from such injury, it shall not be a defense—

(a) That the injury was caused in whole or in part by the negligence of a fellow employe; or

(b) That the employe had assumed the risk of the injury; or

(c) That the injury was caused in any degree by the negligence of such employe, unless it be established that the injury was caused by such employe's intoxication or by his reckless indifference to danger. . . ."

*two,* shall be construed to mean only violence to the physical structure of the body, and such disease or infection as naturally results therefrom." By the amendment of 1939, however, the words "except as used in article two" were eliminated, and the section now provides that "The terms 'injury' and 'personal injury', as used in this act, shall be construed to mean only violence to the physical structure of the body, and such disease or infection as naturally results therefrom." The legislative intent is thus clearly indicated that section 201, abolishing the defenses of negligence of a fellow servant, contributory negligence and assumption of risk, shall apply only in actions brought to recover damages for injuries of the type covered by the Workmen's Compensation Act, namely, injuries sustained as a result of an accident in the course of the employment, and not to all actions for injury to employes, as contended by appellant.

Judgment affirmed.