Mary E. DYE, Appellant,

v.

Jesse PETERSON, d/b/a Jesse Peterson & Son Furniture Company, Respondent.

No. 23360.

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1961.

R. M. Gifford, Green City, for appellant.

E. R. Jayne, Kirksville, L. F. Cottey, Lancaster, for respondent.

MAUGHMER, Commissioner.

This is a suit for personal injuries. At the close of plaintiff's evidence the Court directed a verdict and entered judgment for defendant. Plaintiff has appealed.

It is plaintiff's theory and her petition charges that defendant failed to provide her with a safe place in which to work and negligently placed rolls of linoleum close to an aisle along which she walked, and that a roll of linoleum fell upon and injured her. Defendant introduced no evidence and contends, (a) that defendant was not guilty of negligence; (b) that plaintiff was guilty of contributory negligence; (c) that plaintiff voluntarily assumed the risks and defendant is not liable for an unsafe condition caused by a fellow servant.

In determining whether the trial court erred in directing a verdict for defendant we must take plaintiff's evidence as true unless it is clearly unreasonable or in conflict with established physical laws and give plaintiff the benefit of every reasonable inference deductible therefrom. This doctrine is so universally recognized and followed that authority need not be cited in support of it.

On the vital issue of liability, plaintiff's evidence consists of her own testimony and the physical facts. At all times in question defendant Jesse Peterson, d/b/a Jesse Peterson & Son Furniture Company, was engaged in the operation of a general retail furniture store at Kirksville, Missouri. Plaintiff was occasionally there employed by the day as a clerk. She was working in that capacity on Saturday, May 17, 1952, when the injury occurred. Like Caesar's Gaul, the store was divided into three parts. There was a back room, a middle room, and the front part of the store. The telephone was located in the second or middle room. The furniture was arranged for dis-

play to prospective customers and shoppers along aisles—which numbered at least four. The refrigerators were kept on the north side of the wall of the front division. In front of the refrigerators rolls of linoleum, five or six feet in length, were placed, standing on end. Plaintiff said that on the morning of the accident these rolls of linoleum had been moved farther away from the refrigerators, thus lessening the width of the passageway. This had been done so that workmen could get to and repair some of the refrigerators. Plaintiff had seen and noted this change some time prior to her injury which occurred during the noon hour.

On the morning of the occurrence plaintiff was alone in the store. During the noon hour, a Mr. and Mrs. Woodward, who had purchased a library table, had called to "pick up" their purchase. Plaintiff was helping load the table when the telephone rang. She proceeded to the middle room where the telephone was located, answered it and talked with defendant Mr. Peterson, who wanted to know the marked price on a certain refrigerator. In order to obtain this information Mrs. Dye started down one of the aisles toward the front room where the refrigerator was located. The aisle she used was the shorter route although she could have used another aisle. She got as far as the linoleums and remembers nothing thereafter. Mrs. Dye was asked this question regarding the linoleum which fell upon her: "Then you undoubtedly did bump into it?" She replied: "I would imagine I did." When she did not return to assist with the loading of the table, Mr. and Mrs. Woodward went into the store. They found her lying on the floor moaning, with one of the rolls of the linoleum lying across her legs. The evidence shows that Mrs. Dye received some injuries. However, the fact that she was injured and the extent or severity thereof, is not at issue or involved in this appeal.

■ A master is not an insurer of a servant's safety. It is rather his duty to use reasonable care to furnish reasonably safe places in which to work. In Spindler v. American Express Co., 232 S.W. 690, 691, our Supreme Court said:

"It is well settled that the master is not an insurer of his servant's safety, and is only required to exercise reasonable care to furnish reasonably safe appliances and reasonably safe places to work. The facts being undisputed, it is a question of law for the court to determine whether such facts tend to prove that the master has failed to discharge the legal duty imposed upon him.

"Reasonable care is such care as ordinarily prudent persons ordinarily exercise under the same or similar circumstances. If the master furnishes the same kind of appliances and places of work ordinarily furnished by others in the same business, it cannot be said that he has failed to exercise ordinary care in so doing."

The Supreme Court en banc in Miller v. F. W. Woolworth Co. et al., 328 S.W.2d 684, 688, cited with approval the rule as enunciated in Wilborn v. Desloge Consolidated Lead Co., Mo.App., 268 S.W. 655, 657, as follows: " 'It is true that the master is not an insurer of the servant's safety, and, within the limits of reasonable care, is at liberty to conduct his business in his own way, nor is he bound to furnish the best or safest appliances or instrumentalities, or adopt the best and safest methods for doing the work, but it is his duty to exercise ordinary care to see that those furnished or adopted are reasonably safe. * * * The duty which the law casts upon the master is to use all reasonable precautions which ordinary prudence would dictate, under the circumstances, to avoid subjecting the servant to risk of injury' ".

The same court in the same case at page 690 of 328 S.W.2d also approved the following declaration by the Supreme Court of Pennsylvania in Cool v. Curtis-Wright, Inc., 362 Pa. 60, 66 A.2d 287, 289: " ' "Absolute safety is unattainable, and employers are not insurers. They are liable for the consequences, not of danger but of negli-

gence, and the unbending test of negligence in methods, machinery, and appliances is the ordinary usage of the business. No man is held by law to a higher degree of skill than the fair average of his profession or trade, and the standard of due care is the conduct of the average prudent man. The test of negligence in employers is the same, and, however strongly they may be convinced that there is a better or less dangerous way, no jury can be permitted to say that the usual and ordinary way commonly adopted by those in the same business is a negligent way for which liability shall be imposed" ' ".

Plaintiff in our case testified that the larger rolls of linoleum (6 feet or more) were displayed on horizontal rolls. The shorter lengths were standing on end. There was no evidence offered to the effect that those engaged in similar businesses do not display rugs and linoleums of these lengths standing on end.

Mrs. Dye said she knew early on the morning of the accident that the rolls of linoleum were there standing on end and that the situation appeared to her to be dangerous, but that, nevertheless, she tried to go past them when she didn't have room.

In Paubel v. Hitz, 339 Mo. 274, 96 S.W. 2d 369, 371, the Supreme Court approved the following statement from 20 R.C.L. 56, par. 52: " 'The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. * * * And, hence, there is no liability for injuries from dangers that are obvious, or as well known to the person injured as to the owner or occupant.' The text to 20 R.C.L. par. 52 is supported by abundant authority, and has become well settled in Missouri."

█ Strictly speaking, the principle therein declared is applicable to an invitee rather than to a servant. However, the test as to the duty owed is certainly no greater to a servant than to an invitee. Besides, in our case plaintiff must surmount the doctrine of "incurred risk". Judge Bennick, distinguished Missouri jurist, who served many years on the St. Louis Court of Appeals, in Dietz v. Magill, 104 S.W.2d 707, 711, said this on the subject of "incurred risk": "In other words, if one voluntarily exposes himself to a known and appreciated danger, even though the same may be attributable to the negligence or carelessness of another, he may not recover for the injury sustained as a consequence of such exposure, and this regardless of the fact that he himself may perchance have been in the exercise of due care for his own safety at the time. Strictly speaking, the doctrine is actually one of 'incurred risk' (Stein v. Battenfeld Oil & Grease Co., 327 Mo. 804, 816, 39 S.W. (2d) 345, 350), and while it is more akin to contributory negligence than to assumption of risk as we usually know it, it is yet to be distinguished from contributory negligence in that, as we have pointed out above, it does not take into account the fact that the person voluntarily incurring the known risk may nevertheless have been in the exercise of ordinary care in doing so."

We have read the cases cited by appellant. They do not uphold her position. For example, in Woodson v. Metropolitan Street Ry. Co. et al., 224 Mo. 685, 123 S.W. 820, 30 L.R.A.,N.S., 931, decedent, a man of advanced years, started to cross from the sidewalk over the boulevard to a store on the opposite side of the street and fell on a pile of railroad rails, negligently left on the boulevard for at least five months, and received injuries from which he died. The Supreme Court reversed a judgment for plaintiff, holding that decedent was contributorily negligent as a matter of law.

██ It is our opinion that the defendant and master's action in placing the short rolls of linoleum on end next to one of the aisles does not, in the absence of a showing that such was not the practice of the trade, amount to lack of ordinary care and hence .

negligence. We further find no evidence of any inherent lurking danger which was not as fully apparent to plaintiff as to defendant. In addition, when plaintiff admitted she knew hours before the accident of the condition and when she said she thought it was dangerous, she was guilty of contributory negligence and "incurrence of the risk" when she voluntarily walked down this aisle and in her best judgment "bumped into one of the rolls" and suffered injury. Therefore, the action of the trial court in sustaining defendant's motion for a directed verdict was proper and should be sustained.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.