Welsh, Appellant, *v.* Kleiderer.

48

Argued November 21, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Meyer A. Bushman,* with him *Winokur & Kahn,* for appellant.

*James S. Kilpatrick, Jr.,* with him *Thomas J. Burke,* and *Haws and Burke,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, October 9, 1970:

Appellant lost the fingers of his left hand in an industrial accident and attempted, unsuccessfully, to recover damages from the president of his corporate employer. The accident occurred when the appellant and his foreman were attempting to unjam the appellant's plastic grinding machine and the foreman accidentally pushed the starter button while appellant's hand was in the grinding device. Appellant's evidence tended to show that the accident never would have happened had the grinder been equipped with an inexpensive device known as a micro-switch, and that the appellee,

who was in charge of plant safety, was negligent in failing to equip the grinder with the micro-switch. Appellee argued that the existence of a company regulation requiring that a machine be unplugged before repairs are attempted,[1] together with the fact that micro-switches were not commonly used on grinders of the type which injured appellant, indicated that he was not negligent in failing to equip the grinder with such a micro-switch.

On the issue of negligence the trial judge gave the jury the following charge: "The test of negligence in machinery and appliances is the ordinary usage of the plastic business in this case, and however strongly they [the expert witnesses] may be convinced, people may be convinced, or individuals may be convinced that there is a better or less dangerous way, no jury can be permitted to say that the usual and ordinary way commonly adopted by those in the same business, is a negligent way for which liability shall be imposed."

Appellant contends that the "custom or practice of the industry" standard set forth in this charge is erroneous and that he deserves a new trial. We agree.

The "custom or practice of the industry" standard of care is a relic of a bygone age and even the appellee is forced to agree that it has been roundly criticized and generally disapproved. See, e.g., *The T. J. Hooper Case*, 60 F. 2d 737 (2d Cir. 1932) (L. HAND); *Thomas v. Arvon Products*, 424 Pa. 365, 227 A. 2d 897 (1967); *Donnelly v. Fred Whittaker Co.*, 364 Pa. 387, 72 A. 2d 61 (1950); *Rubin v. Goldner*, 380 Pa. 240, 110 A. 2d 237 (1955); *Maize v. Atlantic Refining Co.*, 352 Pa.

---

[1] Appellant introduced evidence showing that on at least one previous occasion the appellee had watched appellant attempt to unjam his grinder while it was still plugged in and had not said anything about appellant's "violation" of a company "safety regulation."

51, 41 A. 2d 850 (1945); Prosser, Law of Torts 169-70 (3d Ed. 1964).

Appellee, however, argues that employer-employee cases are somehow different from ordinary negligence actions and that the old, disapproved standard is and still should be the law in that class of actions. Appellee offers no rationale for this rather arbitrary distinction, but is content to rest its contention on the citation of several rather antique cases, e.g., *Kennan v. Waters & Son*, 181 Pa. 247, 37 Atl. 342 (1897); *Dooner v. Del. & Hudson Canal*, 171 Pa. 581, 33 Atl. 415 (1895); *Titus v. Railroad Co.*, 136 Pa. 618, 20 Atl. 517 (1890), none of which was decided after we abandoned the old standard of care in other classes of actions.

We can think of no logical or legal reason for setting up a standard of care in employer-employee negligence actions different from the standard which is applicable in all other negligence actions. Employees injured by the tortious conduct of their employers deserve to be afforded the benefits of recent advances in the law of negligence as much as any other group of individuals.[2] Accordingly, the judgment is vacated and the case remanded for a new trial.

Mr. Chief Justice BELL and Mr. Justice JONES dissent.

---

[2] Appellee argues that we should affirm the judgment in his favor because a recent amendment to the Workmen's Compensation Law has rendered this case of only slight precedential value. We cannot assent to the proposition that the relative precedential importance of a given case ought to control its outcome; this appellant is entitled to a jury trial at which the proper standard of negligence is used. That he has not received it is an injustice which requires remedy.