## Commonwealth v. Gilbert

*Robert L. Adshead*, assistant district attorney, for the Commonwealth.

*Robert L. Lansberry*, for defendant.

LOWE, *P.J.*, January 27, 1984—On September 7, 1983 this court found defendant Douglas Lee Gilbert guilty of violating 75 Pa. C.S. §3362 (Maximum Speed Limits). The evidence indicated that on January 16, 1983 defendant had been observed operating his motor vehicle at a speed of 72 miles per hour in a 55 mile per hour zone. Pennsylvania State Police Trooper Robert J. Wilkes testified that he calculated defendant's rate of speed by means of a speedometer as authorized by 73 Pa. C.S. §3368 (Speed Timing Devices) and that he timed defendant's vehicle for four-tenths of a mile. On September 19, 1983, defendant filed post-verdict motions for a new trial and in arrest of judgment which were dismissed October 21, 1983. On November 14, 1983 defendant was sentenced to pay a $59 fine plus costs.

Defendant now appeals to The Superior Court of Pennsylvania alleging that:

"1. [T]he lower court erred in not granting defendant's demurrer to Commonwealth's case as the Commonwealth failed to introduce certification of the accuracy of the police vehicle's odometer, said certification being an essential element of the Commonwealth's case.

2. [T]he lower Court erred in finding the appellant guilty of the charge of speeding (75 P.S. §3362(a)(2)) as the Commonwealth failed to sustain its burden of proof beyond a reasonable doubt that the police officer timed the speed of defendant's

vehicle for a distance of not less than three-tenths (3/10's) of a mile as mandated by 75 P.S. §3368(a).

3. [T]he Lower Court erred in finding defendant guilty when the basis for compliance with 75 P.S. §3368(a) was the police officer's testimony that he had timed the speed of defendant's vehicle for a distance of three-tenths (3/10's) of a mile based solely upon his uncertified odometer, said testimony being heresay. See Commonwealth v. Brody, 25 D. & C. 3d, 338, (1982) and Pauza v. Lehigh Valley Coal Company, 231 Pa. 577, 579-80, 80 Atl. 1126 (1911)."

Those contentions are devoid of merit. Defendant's counsel has failed to cite and this court has been unable to find any authority for the proposition that the Commonwealth is obligated to prove certification of the accuracy of a police vehicle's odometer. Title 73 Pa. C.S. §3368 reads in pertinent part:

"(a) Speedometers authorized — The rate of speed of any vehicle may be timed on any highway by a police officer using a motor vehicle equipped with a speedometer. In ascertaining the speed of a vehicle by the use of a speedometer, the speed shall be timed for a distance of not less than three-tenths of a mile.

(b) Testing of speedometers — The department may appoint stations for testing speedometers and may prescribe regulations as to the manner in which the test shall be made. Speedometers shall have been tested for accuracy within a period of 60 days prior to the alleged violation. A certificate from the station showing that the test was made, the date of the test and the degree of accuracy of the speedometer shall be competent and prima facie evidence of those facts in every proceeding in which a violation of this title is charged."

These requirements have been met in the instant case. Trooper Wilkes testified that he followed defendant's vehicle for approximately one mile and that he timed it for four-tenths of a mile. A certificate of speedometer accuracy was introduced and received into evidence without objection. That document indicated that Trooper Wilkes' speedometer was tested by an approved testing station within 60 days of the violation and that the speedometer was in proper working order. The law requires no more than that.

In his brief in support of his motions for a new trial and in arrest of judgment defendant asserts that when the odometer of a police vehicle is used to determine the distance travelled by an automobile being timed the odometer becomes, in essence, a "mechanical or electrical speed timing device" as described in 75 Pa. C.S. §3368(c)(1) and (d). Defendant argues that as such, the odometer must be certified as accurate under 75 Pa. C.S. §3368(d). That contention is misplaced. Mechanical or electrical speed timing devices generally refer to stop watches. See Commonwealth v. Manny, 11 D.&C. 3d 714 (1978), aff'd 272 Pa. Super. 93, 414 A.2d 685 (1979). Odometers have never been classified as mechanical or electrical speed timing devices and this court can perceive no rational reason to so hold now.

The equation for calculating rate of travel is: speed equals distance divided by time. See Commonwealth v. Brody, 25 D.&C.3d 338 (1982). When law enforcement officials utilize that formula, i.e., when the police measure the time it takes a vehicle to travel a given distance, it is essential that the distance travelled be exactly determined and that the timing device employed be accurate because a small error in the distance or time factors will critically af-

fect the speed calculation. However, the distance travelled is not a crucial element in ascertaining speed when a speedometer is utilized. That is true because the police officer simply follows the suspect vehicle, matches its speed, and checks his speedometer. The speedometer's accuracy is vital; it being the only device necessary to determine the timed vehicle's rate of travel. Consequently, the purpose of the requirement that speed be timed for a distance of not less than three-tenths of a mile as set forth in 75 Pa. C.S. §3368(a) is not to provide a set distance for speed calculation but rather to ensure that violations are of a sustained nature sufficient to warrant issuance of a citation. In light of the foregoing this court finds that certification of the accuracy of an odometer used to measure the distance traveled by a motor vehicle is not an essential element of the Commonwealth's case when a speedometer is used to determine speed. No evidence on that issue need be introduced in order to sustain a conviction under 75 Pa. C.S. §3362.

Defendant's second allegation, that the Commonwealth failed to establish beyond a reasonable doubt that Trooper Wilkes timed defendant's vehicle for a distance of not less than three-tenths of a mile, is also without substance. When testing the sufficiency of the evidence, a reviewing court must view all of the evidence in the light most favorable to the verdict winner and give that party the benefit of all reasonable inferences therefrom. Commonwealth v. Council, 491 Pa. 434, 421 A.2d 623 (1980); Commonwealth v. Hubbard, 472 Pa. 259, 372 A.2d 687 (1977); Commonwealth v. Speller, 311 Pa. Super. 568, 458 A.2d 198 (1983). The test of the sufficiency of the evidence to support a verdict is whether "accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed

the jury could properly have based its verdict, it is sufficient in the law to prove beyond a reasonable doubt that defendant is guilty of the crime or crimes of which he has been convicted." Commonwealth v. Thomas, 465 Pa. 442, 445, 350 A.2d 847, 850 (1976); Commonwealth v. Lovette, 498 Pa. 665, 450 A.2d 975 (1982); Commonwealth v. Caswell, 316 Pa. Super. 462, 463 A.2d 456 (1983). The weight to be given to the evidence is for the trier of fact. Commonwealth v. Carter, 272 Pa. Super. 411, 416 A.2d 523 (1979); Commonwealth v. Luther, 266 Pa. Super. 240, 403 A.2d 1329 (1979). The fact finder is free to believe all, part of, or none of the testimony of any witness. Commonwealth v. Yost, 478 Pa. 327, 386 A.2d 956 (1978); Commonwealth v. Payne, 299 Pa. Super. 378, 445 A.2d 804 (1982). The trier of fact has the right to reject part or all of the defendant's testimony even if uncontradicted. Commonwealth v. Whitfield, 475 Pa. 297, 380 A.2d 362 (1977); Commonwealth v. Coleman, 455 Pa. 508, 318 A.2d 716 (1974). Viewed under these standards, together with the proposition that this court must accept as true all evidence and its logical inferences upon which the trier of fact could properly base its verdict, the record reveals more than sufficient evidence to establish that defendant committed the crime of which he has been convicted.

Trooper Wilkes testified that he has been employed by the Pennsylvania State Police for five and one-half years. He stated that he followed defendant's vehicle for one mile and timed it for four-tenths of a mile. When asked on cross-examination if he used his odometer to clock defendant's car for three-tenths of a mile, Trooper Wilkes responded "Four-tenths. I always give an extra tenth." In view of Trooper Wilkes' professional experience, combined with the fact that his testimony was

uncontradicted, this court was entirely justified in finding that defendant's vehicle has been timed for a distance not less than three-tenths of a mile as required by 75 Pa. C.S. §3368(a).

The above disposition of defendant's first two allegations makes it unnecessary to address his third contention.

In light of the foregoing, this court's determination should not be disturbed on appeal.