# W. J. FORD v. R. J. ANDERSON ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued November 5, 1890—Decided January 5, 1891.

| | |
|---|---|
| 139 | 261 |
| 146 | 474 |
| 139 | 261 |
| 154 | 249 |
| 139 | 261 |
| 170 | 28 |
| 139 | 261 |
| 181 | 250 |
| 139 | 261 |
| 185 | 39 |
| 139 | 261 |
| 207 | [2]117 |
| 139 | 261 |
| 211 | [1]578 |

1. The ground of an employer's liability for injuries received by an employee while operating machinery, is not danger, but negligence; and the employee must show, by at least a fair preponderance of the evidence, that the injury was caused by the negligence alleged: Rummel v. Dilworth, 131 Pa. 509, distinguished.

2. The test of negligence, in respect of machinery, is the ordinary usage of the business; and where there is a failure, not only to show that the machinery was negligently constructed, but how the injury to the plaintiff occurred, it is error to refuse peremptory instructions for the defendant.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 194 October Term 1890, Sup. Ct.; court below, No 402 September Term 1888, C. P. No. 1.

On August 6, 1888, a summons was served in trespass brought by William J. Ford, by his father and next friend John J. Ford, against Robert J. Anderson and others, partners as Anderson, DuPuy & Co., and Frederick Burns. Issue.

At the trial on September 19, 1889, it was shown that on April 16, 1888, William J. Ford, between thirteen and fourteen years of age, had been employed at the steel works of the defendant firm for about ten days, and was without previous experience in the duty he was performing, to wit, the handling of a lever which controlled a machine for making car springs. The machine was run by a rapidly-revolving belt, which was approached to within a few inches by the lever, when the latter was pushed back to stop (or move?) the machine. For the first few days of his employment, young Ford was working at another machine of the same kind, but run by a belt much higher in adjustment. On the day stated, while pushing (or

---

* See Simpson v. Locomotive Works, ante, 245.

Arguments.

holding) back the lever, he was in some way caught and thrown against the base of the machine, causing a broken arm and other severe injuries. The testimony, and the contention thereon, sufficiently appear in the opinion of the Supreme Court.

The court, COLLIER, J., submitted the cause to the jury, answering certain points for instruction as follows:

The defendants request the court to charge:

1. Under all the evidence the verdict of the jury must be for the defendants.

Answer: Refused.[1]

2. There is no evidence that the machine on which the plaintiff was injured was not such as could with reasonable care be used without danger, except such as was reasonably incident to such use; and, the evidence showing that such danger as did exist was patent, therefore the verdict of the jury must be for the defendants.

Answer: Refused.[2]

6. Even if the jury believe that the plaintiff was injured while in the performance of his duties, still the danger was a patent one, admitted by the plaintiff to have been known by him, and plaintiff cannot recover in this case.

Answer: Refused, this being a question for the jury.[3]

—The jury returned a verdict for the plaintiff for $2,000. A rule for a new trial having been discharged and judgment entered, the defendants took this appeal, assigning for error:

1–3. The answers to the defendants' points.[1 to 3]

*Mr. James H. Reed* (with him *Mr. P. C. Knox*), for the appellants.

Counsel cited: Nagle v. Railroad Co., 88 Pa. 40; Pittsb. etc. R. Co. v. Sentmeyer, 92 Pa. 276; Payne v. Reese, 100 Pa. 301.

*Mr. F. C. McGirr* (with him *Mr. W. D. Moore*), for the appellee.

Counsel cited: Rummel v. Dilworth, 111 Pa. 343; s. c. 131 Pa. 509; Penna. R. Co. v. White, 88 Pa. 327; Germantown Railway Co. v. Walling, 97 Pa. 55; Lake Shore R. Co. v.

Rosenzweig, 113 Pa. 519, 540; Kohler v. Railroad Co., 135
Pa. 346.

OPINION, MR. JUSTICE MITCHELL:

Plaintiff's case is fatally defective in not showing that his
injuries resulted from defendants' negligence.   The only neg-
ligence charged is having the belt which supplied motive pow-
er to the machine uncovered, and near enough to the operator
of the lever to be dangerous.   But the ground of liability is,
not danger, but negligence; and the test of negligence is the
ordinary usage of the business: Titus v. Railroad Co., 136 Pa.
618.   It was not shown' that it is usual to have belts inclosed, .
though perhaps they ought to be, or that the distance from the
belt to the lever was unusually short, or that it was practicable
to make it greater on a machine in that place.   The evidence,
therefore, of defendants' negligence was not satisfactory; but,
even if it be conceded to be sufficient to carry the case to the
jury, plaintiff did not show that his injuries were caused there-
by.

While there were several witnesses close by at the time of
the accident, none of those called by plaintiff seem to have
seen it or to have been able to say how it occurred.   O'Don-
nell saw him a second or two before, and he was not then in
any position of danger; the plaintiff himself says he " don't
know if the belt had anything to do with it," that he does not
know what he was doing the minute he was hurt, and he is
not sure whether he was caught in the belt or not; and Blink-
ley, whose duty it was to start and stop the machine, says pos-
itively and repeatedly that he had stopped the machine, and
turned to get another piece of steel; that plaintiff had the
lever pushed in at that time, and had nothing more to do till
the next piece of steel was put in.   These are plaintiff's own
witnesses, and the utmost they can be said to show is that the
injury might have been received from contact with the belt.
This is not enough.   It is not always possible for a plaintiff to
show with the utmost exactness just how the injury occurred,
but he must always show, at least by a fair preponderance of
evidence, that it was caused by the negligence complained of.

In this review of the evidence I have left out altogether the
witnesses for the defence.   Whaley, an eye-witness of the ac-

cident, and the only one testifying on either side, gives an account which shows that the belt had nothing to do with it at all. If this raised any conflict with the testimony on the part of the plaintiff, the whole would of course have to go to the jury. But, in fact, there is no conflict at all, for the plaintiff's witnesses do no more than show a possible connection between the alleged negligence and the injury. A verdict founded on such testimony is no more than a guess.

The case of Rummel v. Dilworth, 131 Pa. 509, is broadly distinguishable from the present in several respects, but especially in this, that in that case, when the jury found the defendant's negligence, there was no question that the plaintiff's injury resulted from it.

Defendants' first point should have been affirmed, and a verdict directed in their favor.

Judgment reversed.

