## Eliza Brunner, Appellant, *v.* Blaisdell Brothers.

*Negligence—Explosion of boiler—Evidence.*

In an action by a wife against her husband's employer to recover damages for the death of her husband resulting from the explosion of a boiler, the plaintiff is not entitled to recover on the ground that the employer placed in charge of the boiler a fireman alleged to have been incompetent, instead of an engineer, where there is no evidence whatever to connect the accident with the incompetency or negligence of the fireman.

Argued May 10, 1895. Appeal, No. 13, July T., 1895, by plaintiff, from judgment of C. P. Potter Co., Dec. T., 1892, No. 276, on verdict for defendants. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed

Trespass to recover damages for the death of plaintiff's husband. Before MORRISON, P. J.

At the trial, it appeared that on November 10, 1892, Peter Brunner, plaintiff's husband, was killed by the explosion of a boiler in defendants' factory. Plaintiff claimed that Compton, defendants' foreman, had placed in charge of the engine a fireman named Grobe, who was incompetent to do the work. There was no evidence to connect the accident with the alleged incompetency or negligence of Grobe.

Plaintiff's counsel proposed to show by the testimony of a witness, Jerome Deland, that he had a conversation with Compton, superintendent of the defendants, in a very few minutes after the employment of Grobe by Compton, and at the time which the said Grobe commenced to take charge of the engine, in which said Compton stated that Grobe did not know anything about running an engine, but that he could make an engineer of him ; for the purpose of showing that at the time, said Compton employed said Grobe he knew that he was inexperienced and incompetent.

This was objected to by defendants as incompetent and irrelevant, and also because the evidence produced before the court showed that the declaration made by Compton was after he had employed Grobe, and was the declaration of an agent made after the consummation of his action for his principal. Also

for the reason that the evidence does not show that Compton was superintendent of Blaisdell Brothers, but simply foreman.

By the Court: " Upon the facts as they now appear in evidence, we sustain the objection and exclude the evidence, but we are not to be understood in thus doing as refusing to permit them to show that this man who was put in charge of the engine was not competent. We simply think the defendants are not bound by the declaration of Compton after he had employed him, or put him in that position.

" To which ruling by the court counsel for the plaintiff except, and at their request this bill is sealed." [3]

" Plaintiff's counsel proposed to prove by the same witness that Grobe, from the testimony given by himself and others in this case as to his experience in the management of engines and boilers, was not a safe person to leave there, as the testimony shows that he was there, in charge of the engines, boilers and kiln."

Objected to as incompetent and irrelevant

Objection sustained. [4]

The court charged in part as follows :

" [As we understand this case, we think under all the evidence there is a total failure to show by evidence that the jury would be justified in finding a verdict upon that, that this accident happened by reason of imperfect machinery or by machinery set up in an imperfect manner. We think, if the plaintiff has shown any approximate cause, as we call it in law, of this accident, which would have carried it to the jury under ordinary circumstances, it would have been the employment of the man Grobe, who is said to have been an inexperienced man for that kind of work, for the day and a half which he run, or had something to do with, this machinery, or had charge of it. And for sometime in considering this case, we thought that ought to carry the case to the jury ; but we are met there with the principle of law that the person who was injured knew this man and knew who he was and what he was and knew his qualifications for running these boilers, or ought to have known it by using ordinary care. And if, when he found the engineer had gone away—and we think the evidence shows that he knew the engineer had gone away—and found this man there about these boilers and engines, apparently managing them, it then became

his duty knowing this man and being intimately acquainted with him, to either quit the work or notify his employer that he considered him unsafe.] [5]

" [In addition to that we are unable to see, and we have listened very carefully to. try to understand it, that the evidence discloses that Grobe did anything improper to explode that boiler.] [6] . . . .

" [We are unable to see where there is any evidence that would warrant us.in saying you might find a verdict for the plaintiff if you found so and so.] [7] . . . .

" [There is no evidence, we think, no sufficient evidence, of defective machinery or of negligent operating of it to account for this accident, and that the plaintiff cannot recover.] [8] . . . .

" [We have been asked to affirm several points on the part of the defendant. It is unnecessary to affirm but one: that is, ' Under all the evidence in the case, the verdict should be for the defendants.' We answer that point in the affirmative, and direct the prothonotary to take your verdict in favor of the defendants.] " [9]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned,* among others, were (3, 4) rulings on evidence; (5–9) above instructions, quoting them.

*John Ormerod* and *P. R. Cotter*, *Benson* and *Seibert* with them, for appellant, cited as to the incompetency of Grobe: Lebbering v. Struthers, Wells & Co., 157 Pa. 312, who is a vice principal; Ross v. Walker, 139 Pa. 42; Tissue v. Baltimore & Ohio R. R. Co., 112 Pa. 91.

*H. C. Dornan* and *Eugene Mullin, Larrabee, Lewis & Leonard* and *N. J. Peck* with them, for appellees.—The burden of proving the incompetency of the servant concerning the doing of the act which it is alleged was improperly done is on the plaintiff : 7 Am. & Eng. Ency. of Law, 85 ; Baulec v. N. Y. Cent. R. R., 59 N. Y. 356 ; Stafford v. C. B. & Q. R. R., 114 Ill. 244 ; Gulf C. & S. F. R. R. Co. v. Schwabbe, 1 Tex. Civ. App. 573 ; Fair v. Penna. R. R., 12 Cent. Rep. 530.

Even if a master employs an incompetent servant he is not liable unless such incompetency be the cause of the accident:

Hawk v. R. R. Co. (Pa.), 9 Central Rep. 786 ; Kersey v.' Kan. Cy. R. R. Co., 17 Am. & Eng. R. R. Cases, 638 ; Wright v. N. Y. Cen. R. R. Co., 25 N. Y. 562; Murphy v. St. Louis R. R. Co., 71 Mo. 202 ; Jennings v. Pa. R. R. Co., 93 Pa. 337.

The happening of the accident is not evidence of negligence: Ash v. Verlenden Bros., 154 Pa. 246 ; Borough of Easton v. Neff, 102 Pa. 474, 478 ; Simpson v. Locomotive Wks., 139 Pa. 245 ; Mixter v. Coal Company, 152 Pa. 395.

OPINION BY MR. JUSTICE FELL, July 18, 1895 :

The plaintiff's case was fatally defective for want of proof that her husband's death resulted from causes for which the defendants were answerable.  If the jury had found from the testimony that Compton was a vice principal whose negligence was the negligence of his employer, and that he had placed an inexperienced man in charge of the boilers to act for the time as engineer, there was still no testimony to justify a finding that this man neglected to use the proper precautions or that the explosion resulted from anything which he did or failed to do. Without this there could be no recovery.  The fact of the accident raised no presumption of negligence charging the defendants, and its cause was entirely unexplained.  Whether it was due to defects in the boiler or to excessive pressure of steam no witness pretended to know.  It was not shown that the fireman in charge did anything that the most skillful engineer would not have done, or that the explosion resulted from anything which he did.  This was not for want of proof.  The testimony was clear that he turned the steam off in the manner usual with engineers, and that no safer way was known ; that the additional pressure on the boilers would have been relieved by the safety valves before the danger point was reached if the valves were in good condition.  All of the evidence indicated that they were in good condition.  The cause of the accident was wholly unexplained, but it was made clear that it was not due to the negligence of the man in charge of the boilers.  The jury would have been left to mere conjecture with no basis of fact for an intelligent finding against the defendants.  It was said in Ford v. Anderson, 139 Pa. 261, by MITCHELL, J. : " It is not always possible for a plaintiff to show with the utmost exactness just how the injury occurred, but he must always

show, at least by a fair preponderance of evidence, that it was caused by the negligence complained of." If an incompetent person were placed in charge of machinery requiring skill and experience in its management, and an accident, the direct consequence of its mismanagement, were to occur, there would be ground for the inference of his negligence without proof of what he did. Here there was affirmative proof of what the fireman in charge did, and that he was not negligent.

A witness who had not seen the plant or machinery testified as an expert to the precautions which should be taken under given conditions before shutting off the steam from a boiler. This did not help the plaintiff's case, as it did not appear either that the conditions existed or that the precautions were not taken, and the standard of perfect management was not one which the defendants were required to meet.

As there was no evidence that the accident was caused by the negligence alleged, a verdict was properly directed for the defendants. It is unnecessary to consider whether there was error in rejecting any of the testimony offered, as its admission would not have made out the plaintiff's case. The incompetency of the fireman was unimportant, as it did not cause the injury ; and the alleged defects in the boiler were not shown to have had any connection with the explosion or to have been known to the defendants or to any one who represented them as a principal.

The judgment is affirmed.