# Higgins *v.* T. J. Fanning & Company.

*Negligence—Master and servant—Laundry.*

A woman of full age cannot sustain a judgment and verdict in her favor against her employer for damages for an injury to her hand received while working at a mangle in a laundry, where the evidence shows that she worked at the mangle three or four days before she was injured, that before she did any work she received proper instructions, and that the only thing to be guarded against was lack of care and attention on her part.

*Negligence—Master and servant—Machinery.*

In an action by an employee against an employer to recover damages for personal injuries sustained at a mangle in a laundry, the charge that the machine was unsuitable and unsafe cannot be maintained by mere evidence that at times it jerked or jarred, without any evidence that the jerking or jarring of the mangle had any relation to plaintiff's injury. The absence of a guard on the mangle was not a defect where there was no evidence to show that a guard would have added to its safety, or that guards were in ordinary use on such machines at the time of the plaintiff's injury.

Whatever is according to the general, usual and ordinary course adopted by those in the same business, is reasonably safe within the meaning of the law. The test is negligence and negligence cannot be imputed from the employment of machinery in general use.

*Negligence—Master and servant—Presumption of negligence.*

As between employer and employee the mere happening of an accident from which negligence could be inferred raises no presumption of negligence against the employer. A specific act of negligence must be shown.

*Negligence—Master and servant—Defective machine—Promise to repair.*

In the absence of proof of defects which added to the danger of the operation of a machine, a promise by the employer to fix it, imposes no liability upon him.

Argued Feb. 21, 1900.    Appeal, No. 407, Jan. T., 1899, by defendants, from judgment of C. P. Lackawanna Co., Sept. T., 1896, No. 1235, on verdict for plaintiff in case of Tessie Higgins *v.* T. J. Fanning & Company. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Trespass for personal injuries. Before EDWARDS, J.

At the trial it appeared that plaintiff in May, 1895, when twenty-one years of age, was injured while working at a man-

gle in defendant's laundry.   The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,256.   Defendant appealed.

*Error assigned* among others was in refusing to give binding instructions for defendant.

*I. H. Burns,* with him *Charles E. Oliver* and *James J. O'Neil,* for appellants.—The injury to plaintiff arose not from any unsafe surroundings but from a danger incident to the business itself.

The jerking or jar spoken of in the operation of the machinery is immaterial, for the reason that it is not shown to have had any connection with the injury itself.

*Joseph O'Brien,* with him *John P. Kelly,* for appellee.—It is the duty of employers to instruct inexperienced servants in the use of dangerous machinery: Cargill v. Phila. Towel Supply & Laundry Co., 185 Pa. 269; Lebbering v. Struthers, 157 Pa. 312; Payne v. Reese, 100 Pa. 301; Rummel v. Dilworth, 131 Pa. 509; Wagner v. Jayne Chemical Co., 147 Pa. 475; Brennan v. Gordon, 118 N. Y. 489.

Where a servant is at work upon machinery out of repair and the master promises to repair the same, and by reason of the promises the servant continues in the employment and is injured, the master is liable for the injuries received by the servant: Ross v. Walker, 139 Pa. 48; Brownfield v. Hughes, 128 Pa. 194; Hough v. Ry. Co., 100 U. S. 612; Bailey's Master's Liability for Injuries to Servant, 211; Patterson v. Pittsburg & Connellsville R. R. Co., 76 Pa. 382.

OPINION BY MR. JUSTICE FELL, May 7, 1900.

Two grounds of negligence were alleged: (1) the failure of the defendants to instruct an inexperienced servant in the use of dangerous machinery; (2) furnishing machinery which was unsafe because of being out of repair.   Neither allegation of negligence finds any substantial support in the testimony offered by the plaintiff.

The plaintiff was of full age.   She had been employed for

several weeks in the defendant's laundry, and had a general knowledge of the machinery in use. She had worked for three or four days at the mangle by which she was injured, and knew all of the dangers to which she was exposed. Her duty was to spread out the clothes to be ironed and to pass them along the surface of a small platform until they were caught by the rollers of the mangle. Before she did any work she was shown by one of the defendants how it should be done. He took her to the mangle, spread out a napkin and passed it toward the rollers until it was caught. No further instruction than this would seem to be necessary. In her testimony she did not claim that further instruction could have been given her, or that there was anything connected with the work which she did not fully understand from the start. The work at which she was engaged was of the simplest character, and the only danger was in allowing her fingers to come into contact with the rollers, and this danger she fully knew. The only thing to be guarded against was lack of care and attention on her part, and no amount of instruction would have made that more obvious.

The only testimony directed to show that the machine was unsuitable or unsafe was that at times it jerked or jarred. What caused the jerking or jarring, and whether it was unusual in such machines, was not shown. It may have been due to a defect in the machine or have resulted from the clashing of the cogs when the rollers were subjected to a severe pressure by passing between them thick pieces of cloth. There was no evidence that the jerking or jarring of the mangle had any relation to the plaintiff's injury. Her only explanation of the manner in which she was injured appears in the following testimony: "Q. The only way you could get hurt would be to shove your fingers clean up into the rollers, wouldn't it? A. Yes, sir. The napkin must have pulled my hand in, or something, I couldn't say. . . . I was working, putting napkins right in. . . . Q. If you were careful, how did it come that your fingers got up there in the rolls? A. Well, I can't exactly tell unless it was when it jerked it jerked my hand in, because that machine used to jerk at times and make you afraid of it. It would jerk and stop, and it must have took my hand in when it stopped. . . ." If she allowed her hand to be drawn in by

the napkin, it was clearly her own fault, and the jerking or stopping of the machine was not a source of danger unless by its irregular motion the axis of revolution of the rollers was changed and they were brought nearer to her hand; but of this there is not the slightest evidence or even suggestion.

The absence of a guard on the machine was not a defect. There was no evidence tending to show that a guard would have added to its safety, or that guards were in ordinary use on such machines at the time of the plaintiff's injury. As far as appears from the testimony the machine was of a kind in ordinary use, and ordinary use was the test. "Whatever is, according to the general, usual and ordinary course, adopted by those in the same business, is reasonably safe within the meaning of the law:" Kehler v. Schwenk, 144 Pa. 348. The test is negligence, and negligence cannot be imputed from the employment of machinery in general use: Reese v. Hershey, 163 Pa. 258. There was then nothing but the mere fact of the happening of the accident from which negligence could be inferred; and as between employer and employee this is insufficient: Wojciechowski v. Spreckles Sugar Refining Co., 177 Pa. 57. A specific act of negligence must be shown.

In the absence of proof of defects which added to the danger of the operation of the mangle the promise by one of the defendants to fix it imposed no liability on them. As it did not appear that the legal duty to furnish reasonably safe machinery and appliances had been violated, there was no ground on which they could be held liable for the plaintiff's loss.

The judgment is reversed.