## Hunter, Appellant, *v*. Chicago Railway Equipment Company.

*Negligence—Master and servant—Cause of accident—Fellow servant rule—Judgment for defendant, n. o. v.*

In an action of trespass to recover damages for the death of plaintiffs' son, caused by his being struck with a red-hot iron rod, which was passing through a roll in the mill of defendant, his employer, judgment was properly entered for defendant n. o. v., where it appeared that while the negligence charged was in employing an incompetent workman, the cause of the accident was not the alleged incompetence of the workman, who was a fellow servant, but his negligence in passing the rod through the roll, after assuring deceased that he would not do so.

Argued Sept. 30, 1914. Appeal, No. 221, Oct. T., 1914, by plaintiffs, from judgment of C. P. Venango Co., Aug. T., 1913, No. 71, for defendant n. o. v. in case of Ezekial Benton Hunter and Mary E. Hunter v. Chicago Railway Equipment Company. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiffs' son.  Before CRISWELL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs for $2,000.  The court subsequently entered judgment for defendant n. o. v.  Plaintiffs appealed.

*Error assigned* was the judgment of the court.

*P. M. Speer,* with him *R. N. Speer,* for appellants.

*Wm. M. Parker,* with him *J. D. Trax,* for appellees.

OPINION BY MR. JUSTICE BROWN, January 2, 1915:

Harry Hunter, a son of the appellants, was an employee of the Chicago Railway Equipment Company, which operates a rolling mill in the City of Franklin, this State.  At this plant old railroad rails are heated, slit and passed, red-hot, through various rolls until they become converted into long rods of desired shapes.  Hunter's employment was that of assisting in the operation of what is known as a web roll.  He would pass the hot rods forward and backward through the rolls, the employee on the other side being Eugene Rogers, and the allegation of the plaintiffs below is that his incompetence was the cause of their son's death.  The negligence which they charge against the appellee is its employment of this alleged incompetent employee.

On August 14, 1912, when Hunter was at work, the ringing of a bell in the mill indicated that he was entitled to a respite of ten minutes.  As he started to take his rest on a bench he stepped in front of a roll through which Rogers was passing a hot rod.  This struck him in the thigh, burning into and severing an artery, and his death resulted shortly afterwards.  In this action, brought by his parents for the loss sustained by his death, there was a verdict in their favor for $2,000.  Subsequently judgment was entered for the defendant n. o.

v., because, in the opinion of the learned court below, the plaintiff had failed to show "First—The want of due care in the employment and retention of Rogers in the work at which he was engaged at the time of the accident. Second—The incompetency of Rogers. Third—That the injury to Hunter was due to the incompetency of Rogers."

As already observed, the negligence on the part of the defendant company, of which the appellants complain, is its employment of Rogers, their contention being that he was an incompetent, inexperienced and uninstructed employee, whose incompetence was the immediate cause of their son's death. Whether the learned court below, in passing upon the motion for judgment n. o. v., correctly concluded, after a review of all the evidence, that the plaintiffs had failed to show the incompetency of Rogers and the want of due care on the part of the defendant in employing and retaining him in the work at which he was engaged at the time of the accident, is a question we are not required to determine, for, assuming that the evidence in the case was sufficient for a finding that the defendant had been negligent in employing and retaining an incompetent employee, it is quite clear, as the court below concluded, that the injury to Hunter was not due to any incompetency of Rogers as a fellow employee. This being so, the plaintiffs are not entitled to recover: Brunner v. Blaisdell Bros., 170 Pa. 25. As Hunter was about to go to the bench to take his ten minutes' rest, he noticed that Rogers, on the other side of the roll, had attempted to pass the hot iron back to another employee, but had given up the effort to do so. To assure himself, however, that the hot iron would not be passed through the roll immediately in front or alongside of him, Hunter called to Rogers and asked whether he intended to pass it through. In reply Rogers shook his head and answered "no," but, notwithstanding this, he grabbed the hot iron bar and started it through the roll, on the other side of which it struck Hunter in the thigh.

This, in brief, was the real situation at the time the injury was sustained—not to be beclouded by any more circumstantial description of it—and it discloses nothing but an act of negligence by one employee to another, for the consequences of which their common employer is not to be held responsible.    In reliance upon the assurance of Rogers that he would not pass the burning iron through the roll, Hunter passed on towards the bench, and the unkept assurance of his co-workman resulted in his death.    It may be, as the learned court below concluded, that, notwithstanding such assurance, it was the duty of Hunter to keep a lookout as he passed by the roll, and that his failure to do so was such contributory negligence as bars the right of his parents to recover; but as to this it is unnecessary for us to say anything.    We affirm the judgment for the reason that the alleged incompetency of Rogers was not the cause of Hunter's death.

Judgment affirmed.