# Fullick *v.* South Penn Oil Company, Appellant.

*Negligence—Master and servant—Moving machinery—Insufficient guards—Safe place to work—Proximate cause—Appliances not in ordinary use—Burden of proof—Contributory negligence—Assumption of risk — Obvious danger — Proximate cause — Two causes—Guessing by jury—Case for jury.*

1. A jury may not be permitted to guess at the cause of an injury and where the proven facts indicate two or more possible causes, for only one of which defendant could be responsible, there can be no recovery; but where the facts fairly warrant the inference that the cause for which defendant is responsible proximately resulted in the injury to the exclusion of all other conditions, a finding for plaintiff will be sustained. ·

2. While a master is not bound to use the newest and best appliances in the conduct of his business, it is his duty to furnish those of usual character and reasonable safety, the test of negligence being the ordinary usages of the business.

3. While an employer charged with negligence in respect to the kind of appliances furnished his employees disproves want of care by showing that the appliances are such as are used ordinarily in the business, failure to use such appliances ordinarily used by others in the same business is not necessarily negligence, as such a rule would forbid the use of newer and safer methods; and where the machinery is not such as is ordinarily used the burden is on the plaintiff to show that it was more dangerous than that customarily employed.

4. An employee assumes the risk of the ordinary dangers of his employment, not the risk incurred by the employer's negligence in failing to perform the duties imposed upon him by law, one of which is to provide reasonably safe tools and machinery with which to work.

5. In an action against an employer to recover for personal injuries sustained by an employee while engaged in connecting a

clutch lever of a gas engine with a gasoline compressor, where it appeared that the lever caught in the revolving machinery, and swung suddenly around, striking plaintiff; that the lever used on the engine in question was of a different construction, and more dangerous than that ordinarily used; and where there was evidence warranting a finding that the accident could not have happened had the customary style of clutch lever been used, there was no merit in defendant's contention that plaintiff had failed to show that the accident was due to defendant's negligence and a verdict and judgment for the plaintiff were sustained.

6. In such case where plaintiff stood between the lever and the flywheel of the engine at the time of the accident and it appeared that an iron pipe was kept near the engine for slipping over the lever and lengthening it sufficiently to enable the operator to throw the clutch without placing himself between the appliance and the flywheel, but where it was doubtful whether if plaintiff had used the pipe the accident would have been avoided, the court could not have held plaintiff guilty of contributory negligence as a matter of law.

7. Under the facts of this case, the danger was not so obvious that the court could say as matter of law that plaintiff was bound to foresee the accident.

Argued Oct. 16, 1917. Appeal, No. 150, Oct. T., 1917, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1914, No. 1088, on verdict for plaintiff in case of A. F. Fullick v. South Penn Oil Company. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for personal injuries. Before HAYMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment non obstante veredicto.

*Wm. B. Secrist,* for appellant.—The mere happening of an accident from which negligence could have been inferred raises no presumption of negligence against the

6    FULLICK *v.* SOUTH PENN OIL CO., Appellant.

employer: McDonnell v. The Orinoka Mills, 241 Pa. 63; Alexander v. Penna. Water Company, 201 Pa. 252; Ford v. Anderson, 139 Pa. 261; McClain v. Henderson, 187 Pa. 283; Sandt v. North Wales Foundry Co., 214 Pa. 215; Price v. Lehigh Valley R. R. Co., 202 Pa. 176; Hemscher v. Dobson, 220 Pa. 222; Clark v. Garrison Foundry Co., 219 Pa. 426; Bauman v. Best Manufacturing Co., 234 Pa. 416.

There was not sufficient evidence that defendant did not furnish reasonably safe tools and appliances: Cunningham v. Fort Pitt Bridge Works, 197 Pa. 625; McGeehan v. Hughes, 223 Pa. 524.

Plaintiff assumed the risk: Lee v. Dobson, 217 Pa. 349; Ignash v. Murphy, Cook & Co., 249 Pa. 223; Danisch v. Amer., 214 Pa. 105; Sandt v. North Wales Foundry Co., 214 Pa. 215; Reese v. Clark, 146 Pa. 465; Rummell v. Dilworth, 111 Pa. 343.

Defendant cannot be held liable for defects developing through use of an appliance by plaintiff: Vaughn v. Long Mead Iron Works, 220 Pa. 347.

An employer is not required to instruct an experienced servant: Siebert v. Hay Walker Brick Co., 246 Pa. 558.

Plaintiff was contributorily negligent as a matter of law: Richter v. Kensington Dairy Co., 4 Westmoreland L. J. 51; Solt v. Williamsport Radiator Co., 231 Pa. 585; Haynes v. Penfield, 231 Pa. 329; Gray v. Grace Contracting Co., 249 Pa. 434; Barrientos v. Brennan, 249 Pa. 231; Coffee v. Monongahela Ry. Co., 243 Pa. 433; Ford v. Hubbard & Co., 243 Pa. 518.

*W. Clyde Grubbs,* for appellee.—The case was for the jury: Chambers v. Mesta Machine Co., 251 Pa. 618; McKee v. Crucible Steel Co. of America, 213 Pa. 333.

A servant never assumes the risks of the master's negligence; he merely assumes the risk of dangers incident to his work: Cunningham v. Fort Pitt Bridge Works, 197 Pa. 625; Bannon v. Lutz, 158 Pa. 166.

OPINION BY MR. JUSTICE FRAZER, January 7, 1918:

Plaintiff, an employee of defendant, was injured while engaged in connecting the clutch lever of a gas engine with a gasoline compressor and brought this action to recover compensation for the injuries sustained, alleging negligence on the part of defendant in failing to properly guard the flywheel of the engine, and neglect to furnish plaintiff a reasonably safe place in which to work. The trial judge was of opinion the failure to guard the flywheel was not the proximate cause of the accident but submitted to the jury to determine whether defendant had complied with its duty to furnish plaintiff a reasonably safe place in which to work and reasonably safe appliances and machinery in accordance with the usages of trade and also the question of plaintiff's contributory negligence. From a verdict in plaintiff's favor and judgment thereon, defendant appealed.

Defendant's first contention is that plaintiff failed to show the cause of the accident. The clutch was a standard friction type, operated by a lever working on a fulcrum located at the side on which the operator stood, the lever connecting with a collar which slid along the main engine's shaft, and in this manner moved the arms of the clutch, they in turn operating the friction surface connected with the belt pulley. The entire mechanism of the clutch revolved with the engine shaft, while the belt pulley connecting with the gasoline compressor was loose on the shaft and remained stationary until the clutch was thrown in, causing the forcible contact of the friction surface of the clutch with the corresponding surface of the pulley to form a connection between the engine and the machinery intended to be operated. Around the collar of the clutch was a groove in which an iron band fitted loosely, permitting the collar to revolve within the furrowed space. To the iron band, and opposite each other, were two projections extending through corresponding holes in the arms of the lever. The clutch lever, ordinarily used and made for this

type of engine, consisted of an iron bar with formed ends
extending in a semicircle half way around the clutch col-
lar and connected with the projections on the circum-
ference of the iron band, while the lever used on this par-
ticular engine was of a different construction; the forks
instead of extending half way around the collar, formed
an entire circle with a projection at the opposite side
at the connecting point of the two ends. As a result of
such construction, the pulling of the lever forward to
engage the clutch, carried the extension nearer the re-
volving arms of the latter. Plaintiff's theory of the acci-
dent, was that the natural wear of the band in the groove
on the collar permitted the end of the lever to gradually
approach nearer the clutch until the two finally came
together. At the time of the accident plaintiff was stand-
ing between the clutch lever and the flywheel of the
engine, in the act of "throwing in" the clutch, when the
arms came into contact with the opposite end of the
lever, carrying it around with the revolving shaft, re-
sulting in the lever striking plaintiff and inflicting the
injuries complained of.

From the foregoing recital of the evidence plaintiff
sufficiently met the burden imposed upon him of showing
the cause of the accident. It is true, as argued by de-
fendant, a jury may not be permitted to guess at the
cause of an injury and where the proven facts indicate
two or more possible causes, for only one of which de-
fendant could be responsible, there can be no recovery:
Alexander v. Pennsylvania Water Co., 201 Pa. 252;
Bruggeman v. City of York, 254 Pa. 430. In case, how-
ever, the facts fairly warrant the inference that the cause
for which defendant is responsible proximately resulted
in the injury to the exclusion of all other conditions, a
finding will be sustained. It cannot be said plaintiff's
case is based merely upon a theory unsupported by
proofs or that the jury could merely surmise as to the
cause of the injury. The marks on the lever indicating
its contact with the projecting end of the clutch, to-

gether with the circumstances incident to the accident, and the nature of the engine's construction, all point with reasonable certainty to the conclusion that the accident was due to the projecting clutch coming in contact with the moving parts of the machinery, consequently the question was for the jury: Marsh v. Lehigh Valley R. R. Co., 206 Pa. 558. ·

Was defendant negligent? As has been said in numerous cases a master is not bound to use the newest and best appliances in the conduct of his business but performs his duty by furnishing those of usual character and reasonable safety, the test of negligence being the ordinary usages of the business: McGeehan v. Hughes, 223 Pa. 524, and cases therein cited. A person charged with negligence in this respect who shows compliance with this standard disproves want of care; it, however, does not necessarily follow that failure to use the appliances ordinarily used by others engaged in the same business is negligence, as such rule would forbid the use of new and safer methods. Consequently, where, as in this case, the machinery was not such as was ordinarly used, the burden was on plaintiff to show the engine as constructed was in fact more dangerous than those customarily employed. Defendant's rights in this respect were fully safeguarded by the trial judge in the general charge as well as in the affirmance of plaintiff's second point; and, further, the testimony was ample to warrant the finding that the lever used was a more dangerous type than that ordinarily employed, and that the accident could not have happened had the customary style of clutch lever been used.             . ·

Whether plaintiff was guilty of contributory negligence was also for the jury. To operate the clutch he stood in a narrow space between the lever and the flywheel of the engine, bending over the lever at the time the accident occurred. An iron pipe was kept near the engine for slipping over the lever and lengthening it sufficiently to enable the operator to throw the clutch with-

out placing himself between that appliance and the fly-wheel. Plaintiff stated the pipe had been used in operating an engine previously removed from the shop, and had not been used on the engine at which he received his injuries, as the clutch in that engine moved readily rendering the additional length of the lever unnecessary. Had plaintiff used the pipe it is doubtful whether the accident would have been avoided. The natural position of the operator was to slightly bend over the pipe with a part of his body and unless a reason existed to anticipate and guard against an accident of this kind, the blow received from the extended lever, had it been used, would in all probability have resulted in more serious consequences than those following the contact with the shorter one. No doubt plaintiff might also have avoided injury in the use of the shorter lever, had he known of the danger. At all events, the inference of negligence in failing to use the pipe to lengthen the lever was not so clear as to warrant binding instructions. Neither was the risk one of the incidents of the employment necessarily assumed by plaintiff. An employee assumes the risk of the ordinary danger of his employment, not the risk of the employer's negligence in failing to perform the duties imposed upon him by law, one of which is to provide reasonably safe tools and machinery with which to work: Bannon v. Lutz, 158 Pa. 166; Donnelly v. Lehigh Nav. Elec. Co., 258 Pa. 580; Texas & Pacific Ry. Co. v. Harvey, 228 U. S. 319.

There was no error in the portion of the charge relating to the assumption of risk as set forth in the second assignment of error. Plaintiff was of course bound to recognize dangers open and obvious to one of his understanding and experience. Under the facts of this case, the danger was not of such character that the court should say as matter of law, that plaintiff was bound to foresee the accident which happened.

Judgment is affirmed.