# Williams et al., Appellants, *v.* Metropolitan Edison Co.

*Negligence—Burden of proof—Proximate cause—Electric wires —Contact with live wire—Notice—Warning—Contributory negligence—Presumption of care—Rebuttal.*

1. The burden is on plaintiff not only to show negligence on the part of defendant but to connect the negligence with the injury as its proximate cause.

2. Where the immediate manner and circumstances of a party's death are not shown by the evidence, plaintiff is entitled to the presumption attributing to plaintiff's decedent the exercise of due care.

3. This presumption, however, may be overcome by conceded facts, and the presumption has no place where the proven facts conclusively negative what the presumption would supply.

4. In an action against an electric company to recover damages for the death of plaintiff's husband caused by contact with an uninsulated wire, judgment for defendant n. o. v. is properly entered because of decedent's contributory negligence, where the evidence shows that, at the time of the accident, deceased was engaged to paint a tower to which were attached three of defendant's uninsulated wires carrying a high voltage; that deceased was warned of the danger of the wires; that he was promised the current would be turned off, and he would be notified when it was; that he was further ordered to keep away from the wires until he received this notice; but, notwithstanding this warning, and without waiting for the notice that the current had been turned off, he swung his scaffold in such a way that one of the wires was but six inches above his head; and, while it was not shown how he came in contact with the wire, it did appear that the thumb and index finger of his right hand were burned to a crisp.

5. Decedent's act in placing the scaffold and himself within reach of a manifest danger, in face of his own knowledge, his warning, and his order to keep out of the way, was an act of contributory negligence which proximately caused the accident.

Argued March 2, 1920. Appeal, No. 256, Jan. T., 1920, by plaintiff, from order of C. P. Berks Co., Dec. T., 1917, No. 41, entering judgment for defendant n. o. v. in case of Erma G. Williams and William E. Sturges

and Thomas W. Sturges, trading and doing business as William E. Sturges & Son, v. Metropolitan Edison Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before ENDLICH, P. J.

After the suit was started, Wm. E. Sturges & Son, the deceased's employers, were permitted to intervene as parties plaintiff.

The jury returned a verdict for Wm. E. Sturges & Son for $1,030 and for Erma K. Williams for $5,000. Subsequently the court entered judgment for defendant, ENDLICH, P. J., filing the following opinion:

A careful review of this record has led to the conclusion that the rule for judgment non obstante veredicto must be made absolute. The action is brought to recover, and the verdict allows, damages for the death of plaintiff's decedent while employed by Sturges & Son, of Phœnixville, Pa., to assist in painting the water tower at the Textile Machine Works, Wyomissing, Pa. He and another by the name of Friday had been engaged in painting three sides of the tower for several days prior to the 5th of December, 1916, and, on the morning of that day, before they began to paint the remaining side and by way of preparation for so doing, they swung a scaffold, suspended by ropes from the top of the tower, between 40 and 50 feet above the ground and about six feet below an arm which extended out from the tower and upon which there were fastened three wires of the defendant company conveying electric currents to the Textile Machine Works. All of these wires were naked and uninsulated, and carried a high voltage. Contact with any one of them would be likely to result in immediate death. Notice had been given to the defendant of the work going on, and it had promised to turn off the current; but this was not done, and plaintiff's decedent was apprised of that fact. He had worked for Sturges

& Son for eight or ten years, was informed of and famil-
iar with the danger, and had been warned to keep away
from the wires until notified that the current was turned
off and that the wires were dead. Notwithstanding his
knowledge and the warning spoken of, he and his com-
panion swung the scaffold in such a way that one of the
wires was but six inches above the head of the decedent
standing upon the scaffold. The testimony does not
show how he came in contact with the wire, but he evi-
dently did. Indeed, the thumb and index finger of his
right hand were burned "to a crisp,"—demonstrating
that he must have reached up and either tried to take hold
of one of the wires or came in accidental contact with it.
When this deplorable occurrence happened, the decedent
had not yet started to paint. The plaintiff alleges negli-
gence on the part of the defendant company in the loca-
tion of the wires with reference to the tower, and in the
failure to turn off the current as it had been requested
and had promised to do. The defendant, on the other
hand, asks for judgment on the ground of contributory
negligence in the decedent, or else for a new trial.

Let it be granted that there was enough in the evi-
dence to justify an inference of negligence on the part of
the defendant in the particulars alleged by plaintiff.
Still the burden remained on the latter to connect that
negligence with the death of the decedent as the proxi-
mate cause thereof: Brownfield v. Hughes, 128 Pa. 194;
Snodgrass v. Steel Co., 173 Pa. 228; Higgins v. Fanning
& Co., 195 Pa. 599; Savitz v. L. & N. E. R. R. Co., 199
Pa. 218; Alexander v. Penna. Water Co., 201 Pa. 252. The
defendant is not required to explain how the occurrence
came about: Stearns v. Ontario Spinning Co., 184 Pa.
519, 523; Baran v. Iron Co., 202 Pa. 274, 286; and there
can be no finding of fact by the jury without evidence
to sustain it: Egbert v. Payne, 99 Pa. 239, 242. Let it
be granted also that where, as here, the immediate man-
ner and circumstances of a party's death are not shown
by the evidence, the plaintiff is entitled to the presump-

tion attributing to the decedent the exercise of care: Maurer v. Rogers, 250 Pa. 447, 450, and that this principle applies to a case of this kind and ordinarily carries it to the jury: see Penna. R. R. v. Weiss, 87 Pa. 447, 449; Spear v. R. R. Co., 119 Pa. 61, 69; Kane v. Phila., 196 Pa. 502, 504. Yet no presumption of fact can prevail against a conceded fact: Chalfant v. Edwards, 173 Pa. 246, 252, and the presumption referred to therefore has no place where the proven facts conclusively negative what the presumption would supply. Of course, it is not necessary that the plaintiff's case disprove contributory negligence on the part of the decedent; it is enough if it does not disclose any such: R. R. Co. v. Rowan, 66 Pa. 393; McManamon v. Hanover Twp., 232 Pa. 439, 445. In the present instance we have the undisputed fact that the plaintiff's decedent was well aware of the dangerous character of the wires and had been warned to keep away from them. It is suggested on the part of the plaintiff's counsel (and we agree) that, the decedent having knowledge already, the warning added nothing to it or to his duty of care. If there had been nothing more than the warning, there would be little to be said on this subject. But he was not only warned of the danger of the wires as they were: he was promised that the current would be turned off and that he would be notified when it was turned off; and still further, he was ordered to keep away from the wires until notified that the current had been turned off. With all this and although there had been no notice given him of the turning off of the current, he swung the scaffold in the manner already described and placed himself upon it. He was bound to reckon with ordinary contingencies and their consequences. It is testified by one of plaintiff's principal witnesses that "Many a time a man puts his hand up above his head and doesn't even realize he is doing it." Going on a swinging scaffold high above the ground, he was bound to foresee that he might, by some unsteadiness of the scaffold or other cause, be prompted

to raise his hand and intentionally or unintentionally attempt to grasp one of the wires, or at least come in contact with it. There is a peculiar appositeness to this case in what was said in Haertel v. Penna. L. & P. Co., 219 Pa. 640, 642, of the case there before the court: "There is nothing in the evidence to suggest that he encountered the wire as an obstruction, that it needed to be displaced in any way......much less that it was required for his support in consequence of his being placed in sudden peril."

And again: "There being no substantive testimony ......upon which it would have been competent for the jury to find that decedent was not guilty of contributory negligence, the nonsuit was properly ordered."

The question of the deceased's conduct is decided, not by what occurred immediately when the accident happened, of which there is no testimony, but by his act in putting the scaffold and himself within reach of a manifest danger, in the face of his own knowledge, his warning, and his order to keep out of the way. His presence on the scaffold so close to the wire was therefore not simply a condition of the occurrence of the accident (see 13th & 15th Sts. Pass. Ry. Co. v. Boudrou, 92 Pa. 475), but an act of contributory negligence which proximately caused the occurrence and bars a recovery in this suit.

If the view indicated is the correct one, it is evident that no legitimate end could be served by granting a retrial, but that the defendant is entitled to judgment in its favor on the record as it now is.

The rule for a new trial is discharged, and the rule for judgment n. o. v. is made absolute.

Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*Harvey F. Heinly,* for appellants.

WILLIAMS, Appel., *v.* METROPOLITAN E. CO. 163

1920.]                    Opinion of the Court.

*C. H. Ruhl*, for appellee.

Per Curiam, April 12, 1920:

The judgment in this case is affirmed on the opinion of the learned president judge of the court below making absolute defendant's motion for it.