# Eicher, Admrx., *v.* Bruckman Lumber Co., Appellant.

*Negligence—Master and servant—Safe tools and machinery—Nondelegable duties — Contributory negligence — Transitory condition—Case for jury.*

1. Where an employee is engaged in a hazardous employment, he assumes the risk that is manifest from such employment, but he has a right to expect that his employer has performed the nondelegable duties imposed upon him, of furnishing a reasonably safe place in which to work, with reasonably safe tools and machinery.

2. A workman cannot be charged with contributory negligence because he did not assume an unusual thing would happen when he performed an act in the usual way.

3. The tightness of a belt, causing machinery to revolve when it should stop, is not a transitory condition that should be remedied by the employee, as a new belt or piece would have to be supplied; it might be different if the belt was to be shortened.

Argued October 11, 1920. Appeal, No. 19, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1916, No. 1417, on verdict for plaintiff in case of John H. Eicher v. Bruckman Lumber Co. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for personal injuries resulting in death. Before EVANS, J.

The case was amended so as to make Martha M. Eicher, administratrix of John H. Eicher, deceased, the plaintiff.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Error assigned* was (3) order refusing judgment for defendant n. o. v., quoting it.

*Wm. S. Moorhead,* of *Moorhead & Knox,* with him *R. B. Ivory,* for appellant.

*J. Thomas Hoffman,* with him *Wright, Chalfant & Mc-Candless,* for appellee.

OPINION BY MR. JUSTICE KEPHART, December 31, 1920:

Appellee's husband was an experienced sawyer, and was accustomed to circular rip saws, understanding generally their mechanism. He was employed by appellant for three years prior to his accident, but, owing to scarcity of orders, had not been working for several weeks; he returned to work the day he was hurt. Receiving a rush order from the foreman to rip out some lumber for a customer, who was then waiting to receive it, deceased, owing to an accident to his machine, and on the suggestion of his helper, went across the roadway to finish the job on another machine. After sawing a few pieces, and while his helper was in the act of changing the feed, the idler being away from the belt, deceased stooped down to pick up what is known as a "shove-out stick" that had fallen underneath the table. He slipped, his chin striking the top of the table, his left arm the feed belt under the table, by which he was pulled into the saw, and, in his efforts to relieve himself, his arm was cut off below the elbow. On a verdict and judgment in appellee's favor, defendant took this appeal.

The machine was operated from a line shaft, directly under the floor, by a loose belt which extended over the pulley at the saw, and down through the floor over another pulley on the line shafting. A small wheel, known as an idler, was thrown against the belt, which served to tighten it, applying the power from the line shafting. The negligence charged is that the belt, which should at all times be loose when the idler is away from it, had, from some cause, become tightened over the two pulleys so that the power was always on and the saw continued to operate regardless of the position of the idler;

when the deceased, with his helper, threw off the idler to adjust the feed, and when deceased fell, the machine with power applied, continued to operate, causing the injury complained of; had the belt been in condition, the momentum would have caused the saw to revolve a few times, but it would have stopped when anything was pressed against it, and there would not have been sufficient power to produce the injury here received. The defective condition of the belt had existed for two or three days, and appellant contends that, while this might have been sufficient to charge the company with notice, it was likewise manifest to the deceased, who, they urge, had full knowledge of the circumstances and must have seen its defective condition when he went there to work. There is no evidence that, when he crossed the roadway into this room, the saw was running, or running without the idler pushed forward, or that there was any condition which would charge him with notice. Much of appellant's argument loses its force because the inference it draws is not supported by the evidence. When he entered the place, had he noticed the saw in the condition appellant charges, or if there had been evidence that he knew of its condition when he started to cut the wood, then the obvious and dangerous hazard of working with a defective buzz saw, or any saw, would have been assumed. His employment was a hazardous one and the employee assumed the risk that was manifest from such employment, but he had a right to expect the employer had performed the nondelegable duties imposed upon him by furnishing a reasonably safe place in which to work, with reasonably safe tools and machinery: Fullick v. South Penn Oil Co., 260 Pa. 4. The accident occurred within a very few minutes after he went into the room, under the circumstances we have here indicated. It does not appear that deceased knew of the defective condition of the belt; had he known it, then he must have known the danger that would follow.

We are not impressed with the contention that the tightness of the belt was a transitory condition and one that should have been remedied by the employee. This might be true if the belt was to be shortened; it is a different matter in lengthening a belt, which must be either by a new belt or a piece supplied for the old one. Whether or not Eicher could have been drawn into the saw underneath the table as he stated, or was negligent in failing to repair the belt, or guilty of contributory negligence in reaching under the table, were questions for the jury, under the circumstances. As to the first, deceased so testified, and appellant does not seem to consider the distance from the axle to the two aprons in front, the top of the table and floor beneath; we have discussed the second; as to the last, the deceased should not be charged with contributory negligence because he did not assume an unusual thing would happen when he performed an act in the usual way. When he threw off the idler, he expected the machine to stop; he knew ordinarily it did not have power to hurt and was practically a dead machine. His effort in reaching the stick under the circumstances could not be held negligence in law. The questions were submitted by the court below in a charge free from error. The assignments are overruled.

Judgment affirmed.