Keough *v.* Markus et ux., Appellants.

Argued May 8, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Leo I. Shapiro* of *Shapiro & Sigal,* for appellants, cited: Higgins v. T. J. Fanning & Co., 195 Pa. 599; W. J. Ford v. R. J. Anderson et al., 139 Pa. 261; Williams et al. v. Metropolitan Edison Company, 267 Pa. 158.

*Cyrus A. Davis,* for appellee, cited: Doyle v. Pittsburgh Waste Company, 204 Pa. 618; Fulleck v. South Penn Oil Co., 260 Pa. 4.

Opinion by Baldrige, J., July 13, 1934:

Ethel Keough, a girl seventeen years of age, was

employed by the defendants to do general housework in their home. She started to work on Monday, December 8, 1930. On Wednesday, December 10, 1930, about 9:30 A. M., she struck a match to light the gas kitchen range, an explosion followed, and she was seriously burned. This suit was brought charging the defendants with negligence, which caused her injuries. The jury found a verdict in her favor in the sum of $1,988.

The appellants' two assignments of error are directed to the court's refusing to give binding instructions for the defendants or enter judgment n. o. v.

The question before us is whether there was sufficient evidence to establish defendants' negligence. Preliminarily, we must keep in mind the rule that a trial judge is warranted in withdrawing a case from a jury's consideration "only in clear cases, when it is inconceivable on any reasonable hypothesis that a mind desiring solely to reach a just and proper conclusion in accordance with the relevant governing principles of law, after reviewing the evidence in the light most advantageous to plaintiff, could determine in his favor the controlling issue involved": Jester v. Phila., B. & W. R. R. Co., 267 Pa. 10, 12, 109 A. 774. See, also, Petres v. Alexy, 104 Pa. Superior Ct. 93, 157 A. 624; Todd et al. v. Nesta, 305 Pa. 280, 157 A. 678. It was necessary for the plaintiff to show by affirmative proof, not only that there was an explosion, but also that the defendants' negligence was the proximate cause of her injury. There is no dispute that there was an explosion and there can be no doubt it was escaped gas that exploded. The plaintiff was unable to prove by direct evidence the specific cause of the explosion. But the evidence need not be direct. If it supports inferences of the fact of defendants' negligence which might be reasonably drawn by the jury, and we think it does, it is sufficient. We readily

recognize the soundness of appellants' argument that if the cause of the explosion is unknown, or if it appears that the injury may have resulted from one of two or more causes, for only one of which the defendants were liable, then there can be no recovery. But the rule just stated has no application where there is creditable evidence to individuate the act or neglect of the defendants as the proximate cause of the injury (King v. Equitable Gas Co., 307 Pa. 287, 161 A. 65), or if the defendants are responsible, as plaintiff contends, for both possible causes of the injury.

The plaintiff's testimony discloses that on the morning of the accident, two burners of the stove were lit about 7:30 A. M. After breakfast was prepared, the gas was turned off. Immediately next to the kitchen was a breakfast room, in which two boys of the family and a friend remained smoking cigarettes until about 9:00. There was no evidence then or afterward of an odor, or any other indication of escaping gas. A few minutes before the explosion, the plaintiff on her way upstairs met Mrs. Markus at the head of the steps coming down and received instructions from her to fix the furnace and prepare her breakfast. Very shortly thereafter, she returned downstairs, continuing to the basement, stirred the furnace, then came up to the kitchen, struck a match to light a stove burner, and the explosion occurred. In the breakfast room was a mangle, connected to the stove by a rubber hose, about one-half inch in diameter and approximately fifteen feet long, which laid on the floor. Mrs. Markus testified that she did the ironing herself and that she would connect the mangle about fifteen minutes before she was ready to use it.

D. Q. Johnson, supervising agent of the gas company, testified that escaped gas goes up and scatters according to the air currents; that where the gas is over sixteen per cent of the surrounding atmosphere

it burns, anything under that explodes. The only evidence of anything burned was the wrapping on the roll of the mangle and the curtains hanging near it. He testified further that the hose was connected to a hose cock screwed on the end of the gas stove manifold; that the gas was controlled by a "leeway valve" with a core going down through the hose cock, which was operated by a half turn to open or close the line; that this core was very loose and could be turned on by some one brushing against it; that the hose connection was not a standard stove equipment and it was not a safe appliance.

The plaintiff contends that her injuries are attributable to a failure to provide a safe place, or a safe appliance with which, to work. It is argued that this was ironing day and that Mrs. Markus, who did that work, intended to use the mangle, went downstairs, and either intentionally turned on the gas to the mangle, thinking the valve there was closed, or failed to light it; that when the explosion occurred Mrs. Markus, who was upstairs, cried, "The mangle! The mangle!" indicating she was conscious of her neglect. If that was not the cause of the explosion, it must be attributed, so the appellee contends, to the loose core in the hose cock valve becoming accidentally turned by the plaintiff's or Mrs. Markus' hitting it or brushing against it, although there was no direct evidence of such a contact, which caused the gas to escape from the mangle and to circulate through the house by air currents; that it was heaviest at the mangle—the place of escape, which accounts for the burning of the cover around it, and the curtains. A neighbor testified that Mrs. Markus was warned of the danger of the hose arrangement and was advised that she should have the mangle connected by a pipe, and that Mrs. Markus said she knew that should be done.

The appellants have called to our attention Ford v. Anderson et al., 139 Pa. 261, 21 A. 18; Brunner v. Blaisdell Bros., 170 Pa. 25, 32 A. 607; Higgins v. Fanning & Co., 195 Pa. 599, 46 A. 102; Williams et al. v. Metropolitan Edison Co., 267 Pa. 158, 110 A. 92, and a number of other cases which we have read. In the Ford case there was a failure to show that the machinery was negligently constructed or how the injury to plaintiff occurred, and that there was only a possible connection between the alleged negligence and the injury. In the Brunner case, the plaintiff failed to show that the fireman in charge of a boiler that exploded was incompetent or that the explosion resulted from anything which he did. In the Higgins case, the grounds of negligence were (1) failure of defendants to instruct an inexperienced servant in the use of dangerous machinery; (2) the furnishing of machinery which was unsafe because of being out of repair, neither charge being supported by the testimony. In the Williams case, the court held that the plaintiff was clearly guilty of contributory negligence. None of the cases cited are controlling. In the case before us, however, the plaintiff, in our judgment, proved sufficient facts of a direct and circumstantial nature to warrant the jury in attributing her injury to defendants' negligence.

In the case of King v. Equitable Gas Co., supra (307 Pa. 287), a passenger was injured on a street car by a gas explosion in front of a post office building. The defense was that the gas escaped from the defective service line, and that, therefore, the defendant was not liable. The court held that it was a question of fact whether the gas causing the explosion escaped from defendant's defective main in the street or from the line in the building where the explosion occurred, that the rule where an injury may have resulted from one of two or more causes, for only one of which de-

fendant was liable, had no application, as there was ample evidence, if believed by the jury, to show that the act or neglect of the defendant was the proximate cause of the injury, notwithstanding the fact that some witnesses asserted another cause was the true one.

Nor do we think there was sufficient evidence to hold that the plaintiff in continuing her work at the stove assumed a risk and was guilty of contributory negligence as a matter of law because she used the screw on the extreme left valve of the stove to turn on the gas in place of the porcelain handle which was broken. There is no evidence that the plaintiff knew about the loose core in the hose cock valve or that she touched or used the mangle or the hose at any time. She assumed the risk of the ordinary danger of her employment, but not the risk of her employers' negligence in failing to perform the duty imposed upon them by law to provide a reasonably safe appliance with which to work: Fullick v. South Penn Oil Co., 260 Pa. 4, 103 A. 506. The plaintiff's case is not based on an assumed theory, unsupported by proof, nor can it be said that the jury was left merely to surmise as to the cause of the injury. The plaintiff was not required to show with utmost exactness the cause of her injuries. She has proven by direct evidence the defective loose core in the hose cock valve, and the connection between the stove and the mangle by a rubber hose, which it is well known has a tendency to deteriorate, placed where it could be easily tramped on and readily disturbed otherwise. Such a means of conveying gas, which is so hazardous to handle, would appear to be highly unsafe.

Taking all the evidence in the case, we have concluded, as did the learned court below, that it was sufficient to convict the defendants of negligence.

Judgment affirmed.